1   HOWARD E. COLE, ESQ.
    Nevada State Bar No. 4950
2   CARYN S. TIJSSELING, ESQ.
    Nevada State Bar No. 6521
3   LEWIS AND ROCA LLP
    3993 Howard Hughes Parkway, Suite 600
4   Las Vegas, NV  89169
    (702) 949-8200
5   (702  949-8398/fax

6   *Attorneys for Defendants*

7               UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF NEVADA
8
    ANTHONY KISER, individually and on behalf )   Case No. 2:11-cv-00165
9   of others similarly situated,             )
                                              )
10                            Plaintiff,       )
                                              ) **DEFENDANTS' PROPOSED DISCOVERY**
11       vs.                                   ) **PLAN AND SCHEDULING ORDER**
                                              )
12  PRIDE COMMUNICATIONS, INC. and            ) **(SPECIAL SCHEDULING REVIEW**
    CRAIG LUSK,                               ) **REQUESTED)**
13                                            )
                              Defendants.      )
14  _____ )

15          Defendants Pride Communications, Inc. and Craig Lusk hereby submit to the Court the

16  following discovery plan and scheduling order pursuant to Federal Rule of Civil Procedure 26(f)

17  and Local Rule 26-1(e).

18      **1.  Meeting**.

19          As required by Federal Rules of Civil Procedure 26 and Local Rule 26-1(d), a 26(f)

20  conference will be conducted on or about **April 1, 2011**.

21      **2.  Statement of Reasons Why Special Scheduling Review Requested**.

22          The parties seek special scheduling review as this action has been pled as a class action.

23  Plaintiff has filed a Motion for Circulation of Notice of Pending (Doc. #11).  The parties seek

24  additional time to conduct discovery as necessary because of the class action nature of this

25  litigation and the possible joinder of additional plaintiffs in this action.

26      **3.  Initial Disclosures.**

27          The Plaintiff and Defendant will exchange their respective Initial Disclosures no later than

28  **April 1, 2011** pursuant to FRCP 26 and LR 26-1.

Lewis and Roca LLP
40 West Liberty Street, Suite  410
Reno, Nevada 89501

**4.  The Subjects on Which Discovery Will Be Conducted.**

The parties intend to conduct discovery on the class action and FLSA collective action certification/decertification issues, including but not limited to status, commonality and typicality. The parties will also conduct discovery on the claims as set forth in the Complaint, the defenses relevant to the claims in this action and on any additional class certification and related issues.

**5.  Issues Related to the Disclosure or Discovery of Electronically Stored Information.**

The Plaintiff has not alleged that this case involves the use or misuse of electronic documents and/or systems.  However, with respect to the production of electronically stored information, to the extent feasible, the parties agree that relevant electronically stored information, including but not limited to PST files (personal e-mails), work records, and payroll records, if any, will be exchanged by the parties in paper format.

**6.  Issues Relating to Claims of Privilege or Attorney Work Product.**

The parties acknowledge and agree that while each is taking reasonable steps to identify and prevent disclosure of any document which they believe is privileged, given the volume and nature of material being exchanged, there is a possibility that certain privileged material may be produced inadvertently.  Accordingly, the parties agree that a party who produces a document protected from disclosure by the attorney-client privilege, attorney-work product doctrine or any other recognized privilege ("privileged document") without intending to waive the claim of privilege associated with such document may promptly, meaning within fifteen (15) days after the producing party actually discovers that such inadvertent disclosure occurred, amend its discovery response and notify the other party that such document was inadvertently produced and should have been withheld.  Once the producing party provides such notice to the requesting party, the requesting party must promptly, meaning within seventy-two (72) hours, return the specified document(s) and any copies thereof.  By complying with this obligation, the requesting party does not waive any right to challenge the assertion of privilege and request an order of the Court denying such privilege.

/ / /

/ / /

**7. Limits on Discovery.**

At this time, the parties agree that discovery will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court without limitation or modification of the same.

**8. Discovery Plan.**

All discovery in this case will be conducted in accordance with the Federal Rules of Civil Procedure and applicable Local Rules of this District Court. The parties propose to the Court the following cut-off dates:

(a) **Discovery Cut-off Date.** Discovery should be concluded within two hundred and seventy (270) days from the closing of the "opt in" joinder date should the Court approve plaintiffs' pending motion (Doc. #__11_) to circulate notice of pendency to persons similarly situated as per 29 U.S.C. Sec. 216(b). This time period is in excess of the 180 day period used by this Court's Local Rules. Additional time to conduct discovery is needed because of the class action nature of this litigation and the possible joinder of additional plaintiffs pursuant to 29 U.S.C. Sec. 216(b).

(b) **Amending the Pleadings and Adding Parties.** The last date for filing motions to amend the pleadings or add parties shall be no later than 120 days after the closing of the notice of pendency of circulation period in this action, should this Court grant plaintiffs' motion to circulate notice of the pendency of this action to other persons similarly situated pursuant to 29 U.S.C. Sec. 216(b).

(c) **Expert Disclosures.** Initial expert disclosures shall be made sixty (60) days before the discovery cut-off. Rebuttal expert disclosures shall be made thirty (30) days after the due date for expert disclosure. The parties shall have until the discovery cut-off date to take the depositions of the experts.

(d) **Dispositive Motions.** Dispositive motions shall be filed within sixty (60) days after the completion of discovery unless a motion for class

Lewis and Roca LLP
40 West Liberty Street, Suite 410
Reno, Nevada 89501

1    certification is made or pending during such time, in which case dispositive

2    motions may be filed at anytime until sixty (60) days after a ruling on all

3    such class action certification motions.

4    (e)    **Final Pretrial Order**.   The Pretrial Order shall be filed thirty (30) days

5    after the deadline for filing dispositive motions, unless dispositive or class

6    action certification motions have been filed, in which case the Final Pretrial

7    Order will be due thirty (30) days after the  decision on the last dispositive

8    motion or class action certification or further order of the Court.

9    (f)    **FRCP 26(a)(3) Disclosures**: The disclosures required by FRCP 26(a)(3)

10    and any objections thereto shall be included in the final pretrial order.

11    **9.    Interim Status Report.**

12    In accordance with LR 26-3, the parties shall file the interim status report sixty (60) days

13    before the discovery cut-off.

14    **10.   Extensions or Modifications of the Discovery Plan and Scheduling Order.**

15    In accordance with LR 26-4, any stipulation or motion for modification or extension of this

16    discovery plan and scheduling order must be made twenty (20) days before the discovery cut-off

17    date.

18    DATED this 14th day of March, 2011.

19
20    LEWIS AND ROCA LLP

21    BY:  _/s/ Caryn S. Tijsseling_____
22    HOWARD E. COLE, ESQ.
    CARYN S. TIJSSELING, ESQ.
23

24    IT IS SO ORDERED that the proposed scheduling order is disapproved
25    without prejudice.  It does not comply with LR26-1(d)'s requirement that it be a
    stipulated order.
26

27    IT IS SO ORDERED.

28
    _____
    UNITED STATES MAGISTRATE JUDGE
    DATED: _____3-16-11_____
    .

**CERTIFICATE OF SERVICE**

The undersigned certifies that a copy of the foregoing document was served on counsel, listed below, on the 14th day of March 2011, through the court's electronic service system:

Leon Greenberg, Esq.
Leon Greenberg Professional Corporation
633 South 4th Street, Suite 4
Las Vegas, Nevada 89101

Christian Gabroy, Esq.
Gabroy Law Offices
170 S. Green Valley Parkway, Suite 280
Henderson, Nevada 89012

*Attorneys for Plaintiffs*

　　　　　　　　　　　　　　　 */s/ Kristy Schaaf*
　　　　　　　　　　　　　　　 An Employee of Lewis and Roca LLP