**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\* \* \*

| | |
|---|---|
| ANTHONY KISER, et al. ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> PRIDE COMMUNICATIONS, INC., et al., ) <br> ) <br> Defendants. ) <br> ) | 2:11-cv-00165-JCM-LRL <br><br> MOTION FOR CIRCULATION OF THE PENDENCY OF THIS ACTION PURSUANT TO 29 U.S.C. § 216(b) AND FOR OTHER RELIEF (#11) |

# REPORT & RECOMMENDATION

Before the court is plaintiff's Motion for Circulation of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and For Other Relief (#11). The court has considered the motion (#11), defendants' Opposition (#15), and plaintiff's Reply (#18).

Plaintiff, Anthony Kiser, filed this action in the District Court for Clark County on December 22, 2010, alleging violations of the overtime provisions of the Fair Labor Standards Act ("FLSA") and certain Nevada state statutes. Defendants removed the action to this court on January 31, 2011. This matter comes before the court on plaintiff's motion for circulation (#11), in which he seeks an order conditionally certifying a putative class pursuant to § 216(b) of the FLSA; ordering circulation of the notice of pendency of the action to potential class members; directing the form of the notice; directing the time limit in which class members must opt-in to the suit if they wish to do so; and tolling the statute of limitations to join as a party plaintiff for the period of time that this motion is pending before the court. Plaintiff wishes to circulate notice to a conditional class described as:

> All cable, internet or telephone service installers who were employed by Pride Communications, Inc. in Las Vegas, Nevada and who performed such work after February 23, 2008 and who: (A) Were paid on a piece rate basis; and (B) Worked more

than 40 hours a week and did not receive proper overtime pay at time and one-half their regular hourly rate based upon such piece rate earnings.

Plaintiff worked as a cable television, telephone, and internet installation technician for defendant, Pride Communications, Inc. ("Pride") from about September, 2008 until July, 2010. According to plaintiff, he was told that he would be paid on a piece rate basis, meaning a set amount for each installation service he performed for defendants. Kiser Decl., Exh. 1 to Mot. (#11) at ¶3. He claims that even though defendants listed amounts for "overtime hourly rate" and "regular hourly amount" in addition to "bonus" and "piecework" on his paycheck, these hourly amounts were fictitious and made up. *Id.* He states he was never told that he would be paid on an hourly basis or be paid overtime, and although he frequently worked for more that forty hours per week, he did not receive time and one-half overtime pay as required by law. *Id.* at ¶3, 4. It is plaintiff's position that he and other installers have been unlawfully denied minimum and overtime pay in violation of FLSA §§ 206 and 207, and/or the "bonus" amount paid to each installer has not been factored into the "regular rate" for purposes of calculating a proper overtime rate as required by the FLSA.

**Collective Action Certification Under the FLSA**

Pursuant to section 216(b) of the FLSA, an action may be brought "by any one or more employees for and in behalf of himself or themselves and other employees similarly situated." 29 U.S.C. § 216(b). Section 216(b) provides that "[n]o employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought." *Id.* Hence, employees must opt-in if they wish to join as plaintiffs in the action. The requirements for class action certification under Fed.R.Civ.P. 23(a) do not apply to claims arising under the FLSA. *See Kinney Shoe Corp. v. Vorhes*, 564 F.2d 859, 862 (9th Cir.1977), *overruled on other grounds* by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989); *see also Harris v. Vector Marketing Corp.*, 753 F.Supp.2d 996, 1003 (N.D. Cal. 2010). Rather, to certify a FLSA collective action, the court must evaluate whether the proposed lead plaintiff(s) and collective action group are similarly situated for purposes of § 216(b). *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466

(N.D. Cal.2004).

The FLSA does not define the term "similarly situated," and the Ninth Circuit has not addressed the issue. However, a number of courts, including this one, have adopted a two-tiered approach for determining whether potential plaintiffs are "similarly situated" for purposes of a collective action. *See Edwards v. City of Long Beach*, 467 F.Supp.2d 986, 990 (C.D. Cal. 2006); *Leuthold v. Destination America, Inc.*, 224 F.R.D. at 466 (citing district courts adopting the two-step approach); *Misra v. Decision One Mortgage Co., LLC*, 673 F.Supp.2d 987, 992-93 (C.D. Cal. 2008); *Williams v. Trendwest Resorts, Inc.*, 2006 WL 3690686 at *4 (D.Nev. 2006); *Pfohl v. Farmers Ins. Group*, 2004 WL 554834 at *2 (C.D. Cal. Mar.1, 2004). At the first, or notice stage, the court "must [] decide, based primarily on the pleadings and any affidavits submitted by the parties, whether the potential class should be given notice of the action." *Leuthold*, 224 F.R.D. at 467. This initial determination is made "under a fairly lenient standard and typically results in conditional class certification." *Id.* At this stage, a plaintiff need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law. *Mooney v. Aramco Serv. Co.*, 54 F.3d 1207, 1214 n.8 (5th Cir.1995) (citing *Sperling v. Hoffman-La Roche, Inc.*, 118 F.R.D. 392, 407 (D.N.J. 1988), *aff'd in part and appeal dismissed in part*, 862 F.2d 439 (3rd Cir.1988), *aff'd and remanded*, *Hoffman-La Roche, Inc. v. Sperling,* 493 U.S. 165 (1989); *Edwards v. City of Long Beach*, 467 F.Supp.2d at 990. If the court "conditionally certifies" the class, putative class members are given notice and the opportunity to "opt-in." *Mooney v. Aramco Serv. Co.*, 54 F.3d at 1214.

The second stage occurs once discovery is complete and the case is ready to be tried. *Leuthold*, 224 F.R.D. at 467. At this stage, "the party opposing class certification may move to decertify the class." *Id.* The court must make a factual determination regarding the propriety and scope of the class and must consider the following factors: "(1) the disparate factual and employment settings of the individual plaintiffs; (2) the various defenses available to the defendants with respect to the individual plaintiffs; and (3) fairness and procedural considerations." *Id.* If the court determines on the basis of a complete factual record that the plaintiffs are not similarly situated, the court may decertify the class

1   and dismiss the opt-in plaintiffs without prejudice. *Id.*

2   Here, plaintiff makes substantial allegations that he and other cable, internet or telephone
3   installers were subjected to Pride's piecework-only compensation policy, which effectively denied them
4   minimum and overtime pay as required by the FLSA. According to plaintiff, approximately twenty
5   other installers worked for Pride at any one time during the time that he worked for them under the
6   piecework-only compensation system. Kiser Decl. at ¶15. He attests that, based on his conversations
7   with other installers working with him, all were paid by the same system he was. *Id.* at ¶3. Plaintiff
8   further attests that during certain times of the year, Pride required all installers to work in excess of forty
9   hours per week but did not pay them time and one-half overtime wages for hours worked in excess of
10  forty, in violation of § 207. *See id.* ¶14.

11  Defendants argue that plaintiff fails to meet his minimal burden because he has not provided
12  affidavits or pay stubs from other employees in support of his allegations. Plaintiff need not make such
13  a showing at this notice stage of the proceedings. He need only make "substantial allegations that the
14  putative class members were together the victims of a single decision, policy, or plan." *Sperling v.*
15  *Hoffman-La Roche, Inc.*, 118 F.R.D. at 407; *Mooney*, 54 F.3d at 1214. It defies reason that Pride would
16  have applied only to plaintiff the payment system he describes; defendants offer no affidavits or other
17  evidentiary support to suggest otherwise. As noted above, after discovery is completed, defendants
18  may, if they choose to do so, seek an order decertifying the class.

19  **Form of Notice**

20  Plaintiff asks the court to approve the proposed notice of pendency attached to his motion. Exh.
21  2 to Mot. (#11). Defendants urge the court to reject plaintiff's proposed notice and order the parties to
22  meet and confer regarding the form of notice. The court has reviewed plaintiff's proposed notice, which
23  is similar to notices this court has approved in the past, and considered defendants' arguments regarding
24  its contents in drafting its form of the notice, *infra*.

25  **1. Time for Potential Plaintiffs to Opt In**

26  Next, this court must address the time limit for putative class members to opt in. A court has

both the duty and the broad authority to exercise control over a collective action. *Hoffmann-La Roche*, 493 U.S. at 171. Thus, the court has a legitimate goal in setting cutoff dates to expedite disposition of the action. *See id.* The court must weigh the expedition of the action against the fairness to the potential plaintiffs. *See id.* Plaintiff proposes a 120-day time limit for putative class members to opt in. Defendants argue that a forty-five day opt-in period is sufficient. The court finds that a sixty-day period is reasonable. The sixty-day period will run from the date of mailing of the notice.

### 2. Method and Burden of Delivery

Plaintiff requests that the Notice be circulated via (1) email (requiring defendants to email the Notice and consent to its installers); (2) U.S. mail; and (3) by publication in the next three issues of the defendants' employee newsletter. Mot. (#11) at 13-14. Defendants request that the Notice be circulated by U.S. Mail only, and at plaintiff's expense. Opp'n (#15) at 10. Plaintiff concedes in his reply that he should bear the cost of circulating the notice. The court concludes that circulation of notice should be limited to circulation via U.S. Mail at plaintiff's expense.

**Equitable Tolling**

The court must also consider whether the statute of limitations for the FLSA claim should be tolled while the present Motion (#11) has been pending. Under the provisions of the Portal-to-Portal Act of 1947, claims must be brought within two (2) years of the alleged FLSA violation, and within three (3) years if the violations were willful. 29 U.S.C. § 255(a). An action is commenced for named plaintiffs on the date the complaint is filed. § 256. An action is commenced for subsequent individual claimants on the date on which their individual written consent is filed. *Id.*

This District has specifically addressed the question of when it is appropriate to toll the statute of limitations in an FLSA collective action. In *Bonilla v. Las Vegas Cigar Co.*, 61 F. Supp. 2d 1129 (D. Nev. 1999), U.S. District Judge Philip M. Pro noted that federal courts have applied the doctrine of equitable tolling in two circumstances. *Id.* at 1140 (citing *Alvarez-Machain v. United States*, 107 F.3d 696, 701 (9th Cir. 1996)). First, in cases where the plaintiffs were prevented from asserting their claims by some sort of wrongful conduct on the part of the defendant; and second, where extraordinary

5

circumstances beyond the plaintiffs' control make it impossible to file their claims on time. *Id.*

Here, plaintiff does not suggest any wrongdoing or even extraordinary circumstances. Rather, he urges the court to toll the statute of limitations for the pendency of this motion because defendants' opposition to the motion will delay notice. Plaintiff's request for equitable tolling should be denied.

**RECOMMENDATION**

Based on the foregoing, it is the recommendation of the undersigned United States Magistrate Judge that plaintiffs' Motion for Circulation of Notice of the Pendency of this Action Pursuant to 29 U.S.C. § 216(b) and for Other Relief (#11) should be granted, to the following extent:

(1) The class should be conditionally certified with respect to: All cable, internet or telephone service installers who were employed by Pride Communications, Inc. in Las Vegas, Nevada and who performed such work after February 23, 2008, and who: (A) Were paid on a piece rate basis; and (B) Worked more than 40 hours a week and did not receive proper overtime pay at time and one-half their regular hourly rate based upon such piece rate earnings;

(2) Plaintiffs should be required to use the form of the Notice that follows this Recommendation; and

(3) Plaintiffs should be required to file all Consents to Joinder in this lawsuit within sixty (60) days from the date the Notice is mailed.

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

. . .

NOTICE OF PENDENCY OF COLLECTIVE ACTION LAWSUIT UNDER THE
FAIR LABOR STANDARDS ACT

TO: All cable, internet or telephone service installers who were employed by Pride Communications, Inc. in Las Vegas, Nevada and who performed such work after February 23, 2008 and who:
(A) Were paid on a piece rate basis; and
(B) Worked more than 40 hours a week and did not receive proper overtime pay at time and one-half their regular hourly rate based upon such piece rate earnings.

RE: Fair Labor Standards Act lawsuit filed by Anthony Kiser against Pride Communications, Inc. and Craig Lusk, ("defendants")

## INTRODUCTION

The purpose of this notice is to inform you of the existence of a lawsuit in which you may be "similarly situated" to the named plaintiff; advise you of how your rights may be affected by this lawsuit; and instruct you on the procedure for participating in this lawsuit, if you choose to do so. This Notice is not an expression by the court of any opinion as to the merits of any claims or defenses asserted by any party to this action as those issues have not been decided.

## DESCRIPTION OF THE LAWSUIT

This lawsuit was filed on December 22, 2010. The plaintiff alleges, and defendants deny, that defendants violated the Fair Labor Standards Act. Specifically, the plaintiff claims that he is owed overtime pay for all hours he worked over forty (40) hours per week. The plaintiff claims that he was paid only piece rate wages and no overtime. The plaintiff is seeking unpaid wages and liquidated damages in an amount equal to the unpaid wages owed to him under the Fair Labor Standards Act. Defendants dispute plaintiff's claims and deny that they are liable to the plaintiff for any additional overtime pay. Defendants state that all of their piece rate installers were paid for all overtime worked during the course of their employment.

## DESCRIPTION OF A COLLECTIVE ACTION

A collective action is a lawsuit in which the claims of a group or class of people are decided in a single court proceeding. In a collective action brought pursuant to the Fair Labor Standards Act, individuals who are within the class of persons on whose behalf the action is brought must consent to join the action and have their individual claims decided in the action.

## COMPOSITION OF THE CLASS

The named plaintiff seeks to sue on behalf of himself and also on behalf of other employees with whom he is similarly situated. Specifically, plaintiff seeks to sue on behalf fo all cable, internet or telephone installers who have worked at Pride Communications, Inc. in Las Vegas any time after February 23, 2008.

The employees must be:
(A) cable, internet or telephone service installers who were employed by the defendants in Las Vegas, Nevada;
(B) who performed such work after February 23, 2008;
(C) were paid on a piece rate basis; and

7

(D) worked more than 40 hours a week and did not receive proper overtime pay at time and one-half their regular hourly rate based upon such piece rate earnings.

## YOUR RIGHT TO PARTICIPATE IN THIS LAWSUIT

If you are an individual within the above described Class and you wish to participate in this case, you may join this case by mailing the enclosed "Consent To Join" form to plaintiff's counsel at the following address:

Leon Greenberg Esq.
633 S. 4th Street #4
Las Vegas, NV 89101

If you want to join this lawsuit, you must send the form to Leon Greenberg so he has time to file it with the Federal Court on or before 60 days from the issuance of this notice which is _____. If you do not return the "Consent to Join" form in time for it to be filed with the Federal Court, you may not be able to participate in the Fair Labor Standards Act portion of this lawsuit.

## LEGAL EFFECT OF JOINING THIS SUIT

If you choose to join this case, you will be bound by the decision of the court, whether it is favorable or unfavorable.

The attorneys for the class plaintiffs are being paid on a contingency fee basis, which means that if there is no recovery, the plaintiffs will not have to pay attorneys' fees to plaintiffs' attorneys. If the plaintiffs prevail in this litigation, the attorneys for the class will request that the Court either determine or approve the amount of attorneys' fee and costs they are entitled to receive for their services.

If you sign and return the "Consent to Join" form you are agreeing to designate Anthony Kiser as your agent to:
1) make decisions on your behalf concerning this lawsuit;
2) decide the method and manner of conducting this lawsuit;
3) enter into an agreement with plaintiff's counsel concerning attorneys' fees and costs; and
4) decide all other matters pertaining to this lawsuit.

These decisions and agreements made and entered into by Anthony Kiser will be binding on you if you join this lawsuit. However, the court has retained jurisdiction to determine the reasonableness of any attorneys' fees and costs that are to be paid to the plaintiff's' counsel should plaintiff succeed in this action.

## LEGAL EFFECT OF NOT JOINING THIS SUIT

You do not have to join this lawsuit. If you do not wish to participate in this lawsuit, then do nothing. If you choose not to join this lawsuit, you will not be affected by any judgment or settlement rendered in this lawsuit, whether favorable or unfavorable to the class and will receive no money from the Fair Labor Standards Act portion of this lawsuit, if any money is recovered on that claim. If you choose not to join this lawsuit, you are free to file your own lawsuit under the Fair Labor Standards Act.

## STATUTE OF LIMITATIONS ON POTENTIAL CLAIMS

The maximum period of time that you may collect unpaid wages under the Fair Labor Standards

Act is two (2) years from when you worked the time for which you were not paid proper overtime. If the Defendants' failure to pay overtime wages was willful, then the maximum period of time that you may collect unpaid overtime wages under the Fair Labor Standards Act is three (3) years from when you worked the time for which you were not paid overtime. The statute of limitations continues to run until you file with the court a written consent to join this lawsuit or you file your own lawsuit to collect unpaid overtime wages.

### NO RETALIATION PERMITTED

Federal law prohibits defendants from discharging you or retaliating against you because you have exercised your rights under the Fair Labor Standards Act to collect unpaid overtime wages.

### YOUR IMMIGRATION STATUS DOES NOT MATTER IN THIS CASE

You are entitled to be paid overtime wages and minimum wages under the Fair Labor Standards Act even if you are not otherwise legally entitled to work in the United States.

### YOUR LEGAL REPRESENTATIVE IF YOU JOIN

If you choose to join this lawsuit and agree to be represented by Anthony Kiser through his attorney, your counsel in this action will be:

Leon Greenberg, Esq.            Christian Gabroy, Esq.
633 South Fourth Street, #4   and   170 S. Green Valley Parkway - Suite 280
Las Vegas, NV 89101             Henderson, Nevada 89012

### FURTHER INFORMATION

The deadline for filing a "Consent to Join" form is 60 days from the issuance of this notice which is _____. Answers to questions about this lawsuit may be obtained by contacting:

Leon Greenberg, Esq.
633 South Fourth Street #4
Las Vegas, NV 89101
(702) 383-6369
Email: leongreenberg@overtimelaw.com

Email Communications are Preferred

The court has taken no position in this case regarding the merits of the plaintiffs' claims or of the defendants' defenses.

THE DATE OF ISSUANCE OF THIS NOTICE IS: _____

**DO NOT CONTACT THE CLERK OF THE COURT**

DATED this 16th day of June, 2011.

_____
**LAWRENCE R. LEAVITT**
**UNITED STATES MAGISTRATE JUDGE**

9