# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

ANTHONY KISER,

    Plaintiff,

v.

PRIDE COMMUNICATIONS, INC., *et al.*,

    Defendants.

2:11-CV-00165-JCM-LRL

**ORDER**

    Presently before the court is United States Magistrate Judge Lawrence R. Leavitt's report and recommendation (doc. #23) regarding plaintiff Anthony Kiser's motion for circulation of notice pursuant to 29 U.S.C. § 216(b) (doc. #11). Defendants Pride Communications, Inc. and Craig Lusk have filed a motion for reconsideration (doc. #24), that this court will construe as an objection. Plaintiff has responded to the objection (doc. #25) and defendants have replied (doc. #26).

    In the magistrate judge's findings and recommendations (doc. #23), he recommends that the court grant plaintiff's motion for circulation of notice pursuant to 29 U.S.C. § 216(b) (doc. #11) to those individuals similarly situated to plaintiff. Specifically, the magistrate judge held:

    (1) the class should be conditionally certified with respect to, "All cable, internet or telephone service installers who were employed by Pride Communications, Inc. in Las Vegas, Nevada and who performed such work after February 23, 2008, and who: (A) Where paid on a piece rate basis; and (B) Worked more than 40 hours a week and did not receive proper overtime pay at time and on-half their regular hourly rate based upon such piece rate earnings."

    (2) Plaintiffs should be required to use the form of the [n]otice that follows this [r]ecommendation; and

      (3) Plaintiffs should be required to file all [c]onsents to [j]oinder in this lawsuit within sixty (60) days from the date the [n]otice is mailed.

The definition of "similarly situated" is not found in the FLSA, nor has the Ninth Circuit formulated a test to determine how the term should be applied. In adopting its recommendation, the magistrate applied the two-tiered approach for determining whether potential plaintiffs are "similarly situated" for purposes of § 216(b). This approach has been followed by a number of courts, including this one. *See Williams v. Trendwest Resorts, Inc.,* 2006 WL 3690686, *4 (D. Nev. Dec. 7, 2006); *Misra v. Decision One Mortgage Co., LLC*, 673 F. Supp. 2d 987, 992-93 (C.D. Cal. 2008); *Edwards v. City of Long Beach*, 467 F. Supp. 2d 986, 990 (C.D. Cal. 2006); *Leuthold v. Destination America, Inc.*, 224 F.R.D. 462, 466 (N.D. Cal. 2004); *Pfohl v. Farmers Ins. Group*, 2004 WL 554834, *2 (C.D. Cal. March 1, 2004).

      Based upon the two-tiered approach, the magistrate judge determined that at the initial notice stage, "a plaintiff need only make substantial allegations that the putative class members were subject to a single decision, policy, or plan that violated the law."

      The defendants' objection is premised on a recent unreported decision of the United States District Court for the Middle District of Florida. That case, *Delano v. Mastec. Inc.*, Case No. 8:10-cv-320-T-27-MAP, June 2, 2011 relies on the Eleventh Circuit's view in *Dybach v. State of Florida Dep't of Corrections*, 942 F.2d 1562, (11th Cir. 1991), that conditional certification is only proper where (1) other employees are similarly situated with respect to their job requirements and with regard to their pay provisions and (2) other employees exhibit a desire to opt in to the class. *See id.* at 1567-68. In effect, defendants argue that the standard employed by the court was too lenient and the more rigorous Eleventh Circuit standard should apply.

      Defendants' arguments premised on *Dybach* were fully briefed in opposition to the initial motion, and thus considered by Magistrate Judge Leavitt. This court finds that *Dybach* is not binding on the district courts of the Ninth Circuit. In *Allerton v. Sprint Nextel Corp.*, 2:09-cv-01325-RLH-GWF, this district succinctly summarized the precedential value of *Dybach* in the Ninth Circuit:

      Some courts, primarily (if not entirely) in the Eleventh Circuit, have required plaintiffs to

1  show that other individuals within the putative class desire to opt into the action. *Dybach v.*
2  *State of Florida Dep't of Corrections*, 942 F.2d 1562, (11th Cir. 1991). This requirement has not
3  been applied by district courts in the Ninth Circuit. *Davis v. Westgate Planet Hollywood Las*
4  *Vegas*, 2009 WL 102735, *12 (D. Nev. 2008); *Hoffman v. Secuirtas Secuirty Services*, 2008 WL
5  5054684, *5 (D. Idaho 2008); and *Mowdy v. Beneto Bulk Transp.*, 2008 WL 901546, *7 (N.D.
6  Cal. 2008).
7  The Central District of California has held similarly, explaining that *Dybach* has been relegated
8  to the Eleventh Circuit and not widely applied by other courts:
9      this additional requirement at the notice stage has almost never been applied outside of
10     the Eleventh Circuit, and has never been applied in the Ninth Circuit. Indeed, at least one
11     district court has identified the language in *Dybach* as 'dicta' and criticized it for
12     'conflict[ing] with United States Supreme Court's position that the [FLSA] should be
13     liberally 'applied to the furthest reaches consistent with congressional direction.
14 *Delgado v. Ortho-McNeil, Inc.*, 2007 WL 2847238, *2 (C.D. Cal. Aug. 7, 2007) (internal
15 citations omitted).
16     Upon review of the magistrate judge's recommendation (doc. #23) and the objection and
17 opposition thereto,
18     IT IS HEREBY ORDERED ADJUDGED AND DECREED that the recommendations of
19 United States Magistrate Judge Lawrence R. Leavitt (doc. #23) regarding plaintiff Anthony
20 Kiser's motion for circulation of notice pursuant to 29 U.S.C. § 216(b) (doc. #11) be, and the
21 same hereby are, AFFIRMED in their entirety.
22     IT IS THEREFORE ORDERED that plaintiff's motion for circulation of notice pursuant
23 to 29 U.S.C. § 216(b) (doc. #11) be, and the same hereby is, GRANTED consistent with said
24 recommendations.
25 DATED: August 26, 2011.
26
27                                         _____
                                        UNITED STATES DISTRICT JUDGE
28