UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTHONY KISER, *et al.*,
)
)
Plaintiff,
)
)  2:11-cv-00165-JCM -VCF
v.
)
) **O R D E R**
PRIDE COMMUNICATIONS, INC., *et al.*,
)
)
Defendants.
)
)

Before the court is plaintiffs Anthony Kiser *et al*'s Motion To Compel The Production Of Documents. (#28). The defendants Pride Communications, Inc. *et al* (hereinafter "Pride") filed an Opposition (#29), and plaintiffs filed a Reply (#31).

Plaintiff Anthony Kiser filed his class action complaint on behalf of himself and "all persons similarly situated," seeking overtime wages under the Fair Labor Standards Act (hereinafter "FLSA") and state law. (#1). The purported class members consist of those employed by defendant Pride as installers to perform installation of cable, internet, and phone services. *Id.* Specifically, plaintiff Kiser contends in the complaint that these employees were paid on a per job or "piece rate" basis, and were never compensated for overtime for working an excess of forty (40) hours per week. *Id.* Plaintiff alleges that the "payroll check registers, billing trackers, and time clock records maintained by Pride were all fictitious and created to evade the overtime payments requirements of the FLSA." (#28).

**Motion To Compel (#28)**

In the present motion (#28), plaintiffs ask this court to enter an order "directing that defendants produce materials that are properly responsive to certain requests in plaintiffs' First Request for the Production of Documents, such materials consisting of: (1) Payroll Check Registers in their electronic form; (2) Billing Trackers in their electronic form; (3) Work Orders/TOA Records in their electronic

form; and (4) Time Clock Records in their electronic form. Defendants oppose the motion, and assert that they should not be compelled to produce the electronic information because, among other reasons, it is irrelevant and the defendants do not maintain the information sought. (#29).

### A.     Relevant Facts

On March 31, 2011, plaintiffs served defendants with their first request for the production of documents. (#28-1 Exhibit A). In defendants' response (#28-1 Exhibit B), they objected to the requests on the basis of relevance, vagueness, and not maintaining such documents, and agreed to produce a limited number of the requested documents. After finding that the production was "deficient," on June 20, 2011, plaintiffs' counsel sent a letter to defendants' counsel asking for the defendants to reconsider their objections to request no. 1. (#28-1 Exhibit C). Plaintiffs explained that the objections were misplaced, that they sought *electronic* data and not hard copies, and that if the responses were not supplemented by July 5, 2011, they would file a motion to compel. *Id.*

Thereafter, on July 5, 2011, defendants' counsel wrote a letter to plaintiffs' counsel stating that they "stand by their objections," and are not willing to produce documents that are irrelevant, would violate the rights of third parties, and are not in their possession. (#28-1 Exhibit D). In response, plaintiffs' counsel wrote another letter (#28-1 Exhibit E) in a "final good faith attempt to resolve the[] discovery issues." Plaintiffs reasserted their position that the documents and electronic data requested is relevant, *must* exist in either paper or electronic form, and that it is of no matter if the data is stored by a third-party vendor. (#28-1 Exhibit E). Since defendants did not respond to the letter, plaintiffs filed the present motion to compel. (#28).

### B.     Discussion

Federal Rule of Civil Procedure 34(a) permits each party to serve the opposing party with document requests within the scope of Rule 26(b) that are "relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b). Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978)

(citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence. *Id*. In responding to Rule 34 requests, "the response must either state that inspection and related activities will be permitted as requested or state an objection to the request, including the reasons." Fed. R. Civ. P. 34(b)(2)(B). Pursuant to Rule 37(a)(3)(B)(iv), "[a] party seeking discovery may move for an order compelling an answer, designation, production, or inspection" if "a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34." Fed. R. Civ. P. 37(a)(3)(B)(iv).

**1. Request No. 1.**

In Plaintiffs' request No. 1, they requested several documents and electronically stored data relating to Pride's payroll system.  (#28-1 Exhibit A). Specifically, they ask defendants to "[p]roduce copies of all payroll records for plaintiff, Anthony Kiser, and all employees similarly situated to the named plaintiff who were employed by defendant from the three years preceding the filing of the complaint in this matter. This includes all: (a) [p]aystubs; (b) [c]opies of cancelled checks if no paystub is produced for such check; (c) [t]ime [r]ecords (including time log, time card, computer time keeping system data entries and similar records); (d) W-2 forms; and (e) [a]ll other records of whatever nature that show or refer to either the hours worked by, or the wages paid to, or wages owed to or work performed by, the employees of the defendant." *Id.*

The request for production of documents defines the term "similarly situated" as those "[p]ersons employed as a payroll employee of defendants, such person being employed to, and actually working to, install, modify, correct and/or repair cable television service or internet or telephone service on behalf of defendants in the State of Nevada during the three years preceding the commencement of this action.  Such persons also not being compensated on a "salary basis" as that term is defined under the Fair Labor Standards Act." *Id.*  Further, in the instructions and definitions section of the request, the plaintiffs define "document" as including any "recording or record of whatever nature, including all paper record and computer (electronic data) records and audio and video recordings." *Id.*

Defendants objected to this request, asserting that the term "similarly situated" is vague and overly broad, the information sought is irrelevant, the request is premature "to the extent that it seeks production of documents related to "similarly situated" individuals as [p]laintiff's notice of circulation has not been granted," and that since a third-party vendor processes the payroll, defendants do not maintain hard copies of the payroll. (#28-1 Exhibit B).  Notwithstanding their objections, defendants produced documents bate labeled PRIDE000083 and PRIDE000181. *Id.*

### a.  Relevance

As an initial matter, the court finds that information relating to the payroll records, electronically stored data and paper documents used to generate payroll, time records, W-2 forms, and other documents or electronic data referencing payment or hours worked for both plaintiff and other employees "similarly situated" are relevant to the allegations in the complaint. Fed. R. Civ. P. 26(b). The court concludes that the requested documents are relevant to the certification of the class, as they go to the question of commonality, typicality, and numerosity. See *Ho, et al v. Ernst & Young LLP*, 2009 WL 1394007 (N.D. Cal. 2007)(holding that in a case alleging violations of overtime laws, a plaintiff reasonably articulated that electronic time and activity records for all members of the putative class were relevant because they "may indicate whether the putative class members did work that was sufficiently similar to justify a class action.").

Here, plaintiffs allege that the defendants had a scheme of paying the purported class members on a "piecework no overtime" basis. (#28). Based on the court's previous order[1] (#32), the class is conditionally certified. However, at the close of discovery, the defendants "may move to decertify the class." *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 467 (N.D. Cal.2004). At that point, if it is evident on the basis of a complete factual record that the plaintiffs are not similarly situated, the court

---

[1] On June 16, 2011, this court issued a report and recommendation (#23) to grant plaintiff's motion for circulation of the pendency of this action pursuant to 29 U.S.C. § 216(b) and to conditionally certified the class. This report and recommendation was affirmed in its entirety on August 29, 2011. (#32).

may decertify the class. *Id.* Therefore, this court finds that discovery of the documents involved in the process by which employees were, or currently are, paid is relevant at this time, as it would demonstrate if the class is certifiable, i.e. whether the employees as a whole were subjected to the alleged activity that violated the law. Thus, an inquiry into which employees worked during the time period, the hours they worked and were actually paid for, how they were paid, and if they were in fact paid on a "piecework no overtime" basis as alleged in the complaint is proper at this time. Objection overruled.

### b. "Similarly Situated"

With regards to the arguments relating to the term "similarly situated," the court finds that in light of the District Judge's adoption (#32) of this court's recommendation that the class be conditionally certified, the arguments are moot. First, the plaintiffs provided defendants with a detailed definition of the term "similarly situated" in their request for production of documents (see above). (#38-1 Exhibit A). Second, the defendants are even more capable of determining which employees are "similarly situated" now, because the court's order (#32) outlined exactly who the class should be conditionally certified with respect to.[2] This order, the court points out, practically mirrors the definition given by plaintiffs in their request. (#28-1 Exhibit A and #32). Third, the request can no longer be seen as 'premature,' due to the court conditionally certifying the class (#32). Objection overruled.

### c. "Possession, Custody, or Control"

Defendants' objection based on their assertion that they do not possess the requested documents or electronically kept data because "a third-party vendor...process[ed] [the] payroll" is overruled. Pursuant to Fed. R. Civ. P. 34, documents sought in discovery motions must be within the "possession,

---

[2] The court held that "the class should be conditionally certified with respect to, "All cable, internet or telephone service installers who were employed by Pride Communications, Inc. in Las Vegas, Nevada and who performed such work after February 23, 2008, and who: (A) Where paid on a piece rate basis; and (B) Worked more than 40 hours a week and did not receive proper overtime pay at time and on-half their regular hourly rate based upon such piece rate earnings." (#32).

5

custody, or control" of the party upon whom the request is served. However, the "phrase 'possession, custody, or control' is disjunctive and only one of the numerated requirements need be met." *Soto v. City of Concord,* 162 F.R.D. 603, 619 (N.D.Cal. 1995)(quoting *Cumis Ins. Society, Inc. v. South-Coast Bank,* 610 F.Supp. 193, 196 (N.D. Ind. 1985). Therefore, "actual possession" is not required. *Soto,* 162 F.R.D. at 619. Rather, a "party may be ordered to produce a document in the possession of a non-party entity if that party has a legal right to obtain the document or has control over the entity who is in possession of the document." *Id* (internal citation omitted).

Here, the fact that defendants do not actually possess the documents does not matter. As admitted to in their response (#28-1 Exhibit B) and their opposition (#29), the defendants requested and ordered the third-party payroll vendor, Southwest Payroll Service, Inc., to perform the acts of processing and maintaining the payroll and the accompanying records. Thus, it is "inconceivable" that the defendants lack the ability to request and obtain such records from Southwest Payroll Service, Inc. *Id.* at 620 (holding that when a third-party physician performed evaluations on officers at the request of the defendant, "it seems inconceivable that the [defendant] lacks the ability to obtain such evaluations upon demand."). Therefore, the court finds that such records are in Pride's *control,* and should be disclosed in response to the plaintiffs' request. *Id.* at 619 (finding that the "term '*control*' includes the legal right of the producing party to obtain documents from other sources on demand)(emphasis added)(internal citations omitted); See also *Japan Halan Co. v. Great Lakes Chem. Corp.,* 155 F.R.D. 626, 627 (N.D.Ind. 1993)(holding that close business relationships constituted *control* of documents held by a third-party.).

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs Anthony Kiser *et al*'s Motion To Compel The Production Of Documents (#28) is GRANTED.

. . .

. . .

6

1  IT IS FURTHER ORDERED that defendants Pride Communications, Inc. *et al* shall produce
2  the requested documents, in any and all available forms, on or before November 30, 2011.
3  DATED this 26th day of October, 2011.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**