UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANTHONY KISER, *et al.,*

          Plaintiff,

v.

PRIDE COMMUNICATIONS, INC.*, et al.*,

          Defendants.

2:11-cv-00165-JCM -VCF

**O R D E R**

    Before the court is non-party Cox Communications Las Vegas, Inc.'s (hereinafter "Cox") Motion To Quash Or Modify Subpoena Duces Tecum. (#66). On March 7, 2012, plaintiffs Anthony Kiser *et al* served non-party Cox with a subpoena dues tecum. (#66 Exhibit A). The subpoena requested Cox to "produce and permit inspection and copying of" documents and electronically stored information by March 30, 2012. *Id.* On March 21, 2012, Cox served plaintiffs with written objections to the subpoena (#66 Exhibit B) and filed the instant motion to quash (#66).

    Pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), "[a] person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the material or to inspecting the premises–or to producing electronically stored information in the form or forms requested." Rule 45 also states that "[t]he objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served." Fed. R. Civ. P. 45(c)(2)(B). If a timely objection is made, "the serving party may move the issuing court for an order compelling production or inspection." Fed. R. Civ. P. 45(c)(2)(B)(i).

    As Cox's written objections (#66 Exhibit B) were timely served on plaintiffs on March 21, 2012, the instant motion to quash (#66) is unnecessary. Fed. R. Civ. P. 45(c)(2)(B). If plaintiffs dispute Cox's

objections (#66 Exhibit B), they may move the court for an order compelling production or inspection. Fed. R. Civ. P. 45(c)(2)(B)(i).  Prior to filing a motion to compel, the parties must comply with Local Rule 26-7(b), which requires the parties to meet and confer in a <u>sincere effort</u> to resolve  the matter without court action.

        Accordingly, and for good cause shown,

        IT IS ORDERED that non-party Cox Communications Las Vegas, Inc.'s (hereinafter "Cox") Motion To Quash Or Modify Subpoena Duces Tecum (#66) is DENIED as unnecessary.

        DATED this 28th day of March, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

2