HOWARD E. COLE
Nevada State Bar No. 4950
HCole@lrlaw.com
CHANTEL D. WALKER
Nevada State Bar No. 7640
CWalker@lrlaw.com
JENNIFER HOSTETLER
Nevada State Bar No. 11994
JHostetler@lrlaw.com
LEWIS AND ROCA LLP
3993 Howard Hughes Parkway, Suite 600
Las Vegas, Nevada 89169
(702) 949-8200
(702) 949-8398/fax

*Attorneys for Defendants*

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY KISER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRIDE COMMUNICATIONS, INC. and CRAIG LUSK,<br><br>Defendants. | Case No. 2:11-cv-00165-JCM-VCF<br><br>**STIPULATED PROTECTIVE ORDER** |

All parties, Plaintiff Anthony Kiser, and Defendant Pride Communications, Inc. and Craig Lusk ("Defendants"), stipulate to the following terms regarding a Protective Order of confidentiality and request that the Court enter a corresponding order:

1. **"Confidential Material."** As used in this Protective Order, confidential material shall refer to records and/or things any party designates as confidential information. All confidential material is the exclusive, inalienable property of the party producing the materials or acquiring the same from a non-party.

2. **"Records."** As used in this Protective Order, records shall mean information that is in document form, inscribed or otherwise recorded on a tangible medium, or that is stored in an

electronic or other medium and is retrievable in perceivable form. Records include both electronic records and printed, typewritten, and other tangible records.

3.  **Scope.** This Protective Order shall govern confidential material produced or disclosed by any party in response to formal or informal discovery conducted in this matter. Nothing in this Protective Order shall be deemed to preclude a party's right to: (a) oppose discovery on grounds not addressed under the terms of this Protective Order, or (b) object on any ground to the admission of any confidential material into evidence at trial. Further, nothing contained in this Protective Order shall prejudice the right of any party to contest the alleged relevancy, admissibility, or discoverability of the confidential material sought.

4.  **Designation of Confidential Material.** Any party may designate all or any portion of records and/or things it produces formally or informally to other parties to this litigation or obtains through subpoena as confidential material. The designation of confidential material shall be made by any practicable means, including placing on the thing so designated, such that it will not interfere with its legibility, an appropriate notice such as the following: "confidential" or "confidential material." Confidential material will be Bates stamped, if appropriate. All records and things designated as confidential material shall be treated as such pursuant to the terms of this Protective Order until further order by the Court.

5.  **Unintentional Disclosure.** Inadvertent production of any materials without a confidential designation will not waive a party's claim that the information is confidential or estop a party from designating the information as confidential at a later date. If materials have not yet been designated as confidential, disclosure of them by the other party does not violate this Order.

6.  **Objection to Designation.** If any party objects to the designation of any record or thing as confidential material, that party shall promptly notify all other parties in writing within thirty (30) days of receipt of the confidential material. The parties shall have a period of no longer than twenty (20) days to resolve the dispute by agreement. If the dispute is not resolved by agreement, the designating party shall move to enforce the confidential designation ten (10) days thereafter. The designating party shall bear the burden of establishing that the materials are properly designated as confidential. Pending such determination by the Court (or the expiration of

the period in which any party may make a challenge to an adverse ruling, if later), the records and/or things shall be maintained as confidential material.

7. **Access to Confidential Material.** Access to confidential material shall be limited to the parties, the attorneys of the parties in this action, the attorneys' clerical, secretarial, and support staff, witnesses and potential witnesses, and outside experts or other consultants retained to assist in the prosecution or defense of this action. Confidential material may also be disclosed to the persons that authored or created the same. Confidential material, to the extent they discuss a particular person, may be disclosed to the person so discussed. Such access shall only be for the purposes of this litigation and not for any other purpose. Parties, witnesses and potential witnesses may only view confidential materials in the presence of a party's counsel, they may not be given copies of any confidential materials.

8. **Disclosure.** Confidential materials shall not be disclosed or communicated to any person except attorneys for the parties and their employees unless and until that person has been given a copy of this Order and has signed the Promise of Confidentiality, attached as Exhibit A, that he or she has received and agreed to comply with its terms. Copies of acknowledgement forms shall be retained by counsel for the party having the same executed and upon a showing of good cause to the satisfaction of the Court they shall be disclosed to counsel for the opposing party. The party seeking such disclosure shall have the burden of establishing good cause for such disclosure.

Other than as provided, confidential material may not be disclosed except pursuant to an order of the Court, or pursuant to a modification of this Order by a writing signed by counsel for all parties.

9. **Storage of Confidential Material.** Persons receiving confidential information shall maintain all confidential material in a secure location.

10. **Use of Confidential Material.** Persons receiving confidential information shall use the confidential material for the purpose of this lawsuit only.

(a) No confidential material will be produced, disclosed, or otherwise utilized in any other litigation, whether or not that litigation involves parties to this case. Further, no confidential

material shall be disseminated to or shared with any organization or entity, or any representative thereof, that regularly disseminates documents or information regarding documents, including abstracts or summaries, or any other records as a service to its members, subscribers, or others, or the representative of such an organization or entity.

(b) If any subpoenas, requests for production, or other forms of discovery in connection with other litigation are served on any authorized person, that authorized person will immediately notify counsel of record for the party designating the materials as confidential, provide such counsel with a copy of the subpoena or other discovery request, and will consent to and assist in obtaining an order from the appropriate court protecting the confidential material from being disseminated outside the scope of this Protective Order of confidentiality.

11. **Confidential Material Submitted to the Court.**

Any confidential material to be filed with the Court, including but not limited to any pleading, motion, transcript, videotape, exhibit, photograph, or other material filed with any court that incorporates or includes confidential material, shall be filed under seal.

(a) Confidential material in the form of attachments to summary judgment or dispositive motions, or documents that are identified in the joint pretrial order, may be filed under seal only after the Court orders that such documents may be sealed because "compelling reasons" exist to seal them. *See Kamakana v. City and County of Honolulu*, 447 F. 3d 1172 (9th Cir. 2006).

If Plaintiff or Defendants intend to file confidential material as (1) an attachment to a motion for summary judgment or other dispositive motion filed with the Court, or (2) documents that are identified in the joint pretrial order, the party seeking to file will notify counsel for the other party at the time of the filing of such motion and will identify (by bates number) the confidential documents sought to be filed so that the other party can file a Motion to File Documents Under Seal with the Court. The confidential material will not be filed until after the Court has ruled on the party's Motion to File Documents Under Seal.

(b) Confidential material that is not being submitted to the Court as part of a summary judgment or other dispositive motion, or as part of a joint pretrial order, may be filed under seal without first seeking a further order to seal from the Court. Such documents may be filed under seal pursuant to this protective order.

(c) Confidential material that is submitted to the Court for *in camera* review shall be submitted in accordance with LR 10-5, i.e., material will be submitted in an envelope that bears a captioned cover sheet marked "For in camera review only." When the Court has completed its review of such materials, the materials will be returned to the party that submitted them.

12.     **Depositions.**  Discovery material furnished by a party in the form of testimony shall be designated as confidential either at the time the testimony is taken, or in writing within twenty (20) days after the transcript of the testimony has been received by the designating party. The court reporter for any such testimony shall be informed of this Order by the party making the confidential designation. The court reporter shall comply with and be bound by this Order. In the event the party furnishing deposition testimony designates portions or all of that testimony as confidential, the court reporter shall separately transcribe and submit under seal, to counsel for the parties, transcriptions of the testimony designated as confidential. Confidential transcripts of deposition testimony shall be treated the same and afforded the same protections as other material designated as confidential under this Order.

Nothing in this Order shall be construed to preclude counsel from showing confidential material to any witnesses during depositions in this action, hearings conducted in this action, or at trial of this action. Any counsel showing confidential material shall have a good faith basis for making the disclosure and shall act in good faith. In the event any confidential material is shown to a witness, it shall not lose its confidential status. Counsel for each party shall show confidential information to a witness in a manner that will protect the confidential material from further disclosure. Any witness shown confidential material shall state under oath on the record that the witness agrees to be bound by this Protective Order.

13.     **Evidence at Trial.**  Any party objecting to the introduction at trial of any confidential materials or that seeks to maintain the confidentiality of such materials at trial shall

make a motion to the court. Such moving party will have the burden of establishing good cause to bar the introduction of such materials or maintain their confidential status at trial. Such motion shall be made within ten (10) days of the submission of the parties' final pre-trial order which will in turn designate all materials, except those used for purposes of impeachment, that a party seeks to introduce at trial. The designation of confidential materials in the final pre-trial order shall be by opaque descriptions such as bates number that does not disclose any confidential information.

14. **Improper Disclosure.** Should any confidential material be disclosed to any unauthorized person, the unauthorized person (a) shall be informed promptly of the provisions of this Protective Order of confidentiality by the party who first learns of the disclosure, and upon such notice shall be subject to the terms of this Protective Order of confidentiality; (b) shall be identified immediately to counsel of record for the party designating the materials as confidential and (c) shall be directed, if within control of a party or his/her/its counsel, or otherwise asked, to sign the Promise of Confidentiality (Exhibit A). At the sole discretion of the party designating the materials as confidential, such unauthorized person may be required to surrender to the party designating the materials as confidential all copies of confidential material in such unauthorized person's possession. The person or entity who caused the unauthorized disclosure shall be responsible for securing the unauthorized person's assent to the Promise of Confidentiality and for all reasonable attorneys' fees, costs, and expenses associated with enforcement of this Protective Order of Confidentiality.

15. **Return of Confidential Material.** The provisions of this Order shall survive the termination of this action. Within thirty (30) days of the termination of this action (including appeals), the parties shall return all confidential materials to counsel for the disclosing party, without keeping any copies (paper, electronic, or otherwise). Any party seeking the return of materials shall assume the costs of having the same returned.

In lieu of returning confidential materials, the party in possession of such information may destroy such materials. The party in possession of confidential information must notify counsel for the disclosing party in writing of the destruction of the information within sixty (60) days of the conclusion of litigation between the parties.

Counsel for the parties are responsible for retrieving from their retained experts and consultants all confidential materials and returning or destroying them, and for assuring that their retained experts and consultants do not keep any copies. In lieu of having such materials returned, such counsel shall secure a written confirmation from their retained expert and consultants that such materials have been destroyed.

IT IS SO STIPULATED:

| LEWIS AND ROCA LLP | LEON GREENBERG PROFESSIONAL CORPORATION |
|---|---|
| BY: _/s/ Howard E. Cole_<br>HOWARD E. COLE<br>Nevada State Bar No. 4950<br>CHANTEL D. WALKER<br>Nevada State Bar No. 7640<br>JENNIFER HOSTETLER<br>Nevada State Bar No. 11994<br>3993 Howard Hughes Pkwy., Ste. 600<br>Las Vegas, Nevada 89169<br>Attorneys for Defendants<br><br>Dated : May 7, 2012 | BY: _/s/ Leon Greenberg_<br>LEON GREENBERG<br>Nevada State Bar No. 8094<br>2965 S. Jones Boulevard, Suite #E-4<br>Las Vegas, Nevada 89146<br>Attorney for Plaintiff<br><br>Dated : May 7, 2012 |

IT IS SO ORDERED:

_____
United States Magistrate Judge
DATED:  5-09-2012

Lewis and Roca LLP
0 West Liberty Street, Suite 410
Reno, Nevada 89501

2873219.1

# EXHIBIT A
## PROMISE OF CONFIDENTIALITY

State of _____      §

§

County of _____    §

1. My name is _____. I live at _____. I am employed as _____ by _____.

2. I am aware that a Protective Order has been entered in the lawsuit styled Case No. 2:11-cv-00165-JCM-VCF: *Anthony Kiser v. Pride Communications Inc. and Craig Lusk* in the United States District Court, District of Nevada, and a copy of that Protective Order has been given to me.

3. I promise that I will use the confidential material as defined under that Protective Order only in connection with assisting counsel of record for a party in the prosecution or defense of this matter.

4. I promise that I will not disclose or discuss such confidential material with any person other than counsel of record for the parties or members of their staff who are actively engaged in the preparation of this case. If I am an outside expert or consultant retained by a party's counsel, I may discuss and share the materials with my employees who assist me in my work for such counsel.

5. I promise that I will not attempt or assist in any attempt to seek permission from any other court to access the confidential material produced in this matter for use in other litigation or for any other purpose.

6. I understand that any use of the confidential material I obtain, in any manner contrary to the provisions of the Protective Order or this Promise of Confidentiality may subject me to sanctions by this Court, and I agree to the jurisdiction of this Court to enforce any such Order.

7. I expressly consent to the jurisdiction of this Court with respect to matters within the scope of the Protective Order.

8. I understand that violating the terms of the Protective Order or this Promise of Confidentiality could result in civil sanctions levied by the Court, as well as criminal penalties under state or federal law.

9. Within twenty (20) days of final termination of this action (the earlier of execution of a settlement agreement or entry of a judgment), I will return to counsel from whom I received the confidential material in this case, all confidential material, including all copies, notes, direct quotes, descriptions, summaries, indices, transcripts, renderings, photographs, recordings, floppy discs, compact discs, DVDs, other magnetic or electronic media, and physical or electronic reproductions of every kind thereof. I promise that under no circumstance will I retain any originals or duplicate of any such confidential material. I assume all responsibility for returning the confidential material as set forth herein. Alternatively, I may securely destroy all such materials unless I am instructed to return them. Should I destroy the confidential material, I agree to notify counsel who provided me with such materials in writing of the destruction of the material within sixty (60) days of the conclusion of litigation between the parties. My failure to return or destroy all such confidential material will be deemed a disclosure of the confidential information in violation of the Protective Order of confidentiality and this Promise of Confidentiality, which may subject me to sanctions. I expressly agree to pay all reasonable attorneys' fees, costs, and expenses associated with enforcement of this paragraph in order to obtain my compliance with it, in addition to any sanctions the Court may impose.

_____        _____
Signature                                                                                         Date

Lewis and Roca LLP
0 West Liberty Street, Suite 410
Reno, Nevada 89501

2873219.1