**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

ANTHONY KISER, individually and on
behalf of all others similarly situated,

        Plaintiff(s),

        vs.

PRIDE COMMUNICATIONS, INC., and
CRAIG LUSK,

        Defendant(s).

Case #2:11-cv-00165-JCM-VCF

**VERIFIED PETITION FOR
PERMISSION TO PRACTICE
IN THIS CASE ONLY BY
ATTORNEY NOT ADMITTED
TO THE BAR OF THIS COURT
AND DESIGNATION OF
LOCAL COUNSEL**

FILING FEE IS $200.00

          Annette Agius Idalski    , Petitioner, respectfully represents to the Court:
        (name of petitioner)

1.    That Petitioner is an attorney at law and a member of the law firm of

          Chamberlain, Hrdlicka, White, Williams & Aushtry
                    (firm name)

with offices at         191 Peachtree Street, NE - 34th Floor
                        (street address)

      Atlanta       ,      Georgia      ,   30303
      (city)              (state)         (zip code)

    404-658-5386    ,  annette.idalski@chamberlainlaw.com
  (area code + telephone number)     (Email address)

2.    That Petitioner has been retained personally or as a member of the law firm by

  Cox Communications Las Vegas, Inc.   to provide legal representation in connection with
       [client(s)]

the above-entitled case now pending before this Court.

Rev. 12/11

3.     That since _____April 6, 1998_____, Petitioner has been and presently is a
(date)
member in good standing of the bar of the highest Court of the State of _____Georgia_____
(state)
where Petitioner regularly practices law.  Petitioner shall attach a certificate from the state bar or
from the clerk of the supreme court or highest admitting court of each state, territory, or insular
possession of the United States in which the applicant has been admitted to practice law certifying
the applicant's membership therein is in good standing.

4.     That Petitioner was admitted to practice before the following United States District
Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts
of other States on the dates indicated for each, and that Petitioner is presently a member in good
standing of the bars of said Courts.

| Court | Date Admitted | Bar Number |
|---|---|---|
| U.S. Supreme Court | March 1, 1999 | |
| U.S. District Court, Northern District of Georgia | April 6, 1998 | 005559 |
| U.S. District Court, Southern District of Texas | February 14, 2011 | 00793235 |
| U.S. Court of Appeals, Sixth Circuit | February 14, 2011 | |
| Supreme Court of Texas | November 3, 1995 | 00793235 |
| Supreme Court of Georgia | January 28, 1999 | 005559 |
| Additional courts and dates of admission attached | | |

5.     That there are or have been no disciplinary proceedings instituted against petitioner,
nor any suspension of any license, certificate or privilege to appear before any judicial, regulatory
or administrative body, or any resignation or termination in order to avoid disciplinary or
disbarment proceedings, except as described in detail below:

None.

2

Rev. 12/11

6.    That Petitioner has never been denied admission to the State Bar of Nevada.  (Give particulars if ever denied admission):

No.

7.    That Petitioner is a member of good standing in the following Bar Associations:

Annette Agius Idalski is a member of good standing with the State Bar of Georgia and the State Bar of Texas.

8.    Petitioner has filed application(s) to appear as counsel under Local Rule IA 10-2 during the past three (3) years in the following matters:

| Date of Application | Cause | Title of Court Administrative Body or Arbitrator | Was Application Granted or Denied |
|---|---|---|---|
| Please see attached | | | |
| | | | |
| | | | |
| | | | |
| | | | |

(If necessary, please attach a statement of additional applications)

9.    Petitioner consents to the jurisdiction of the courts and disciplinary boards of the State of Nevada with respect to the law of this state governing the conduct of attorneys to the same extent as a member of the State Bar of Nevada.

10.    Petitioner agrees to comply with the standards of professional conduct required of the members of the bar of this court.

11.    Petitioner has disclosed in writing to the client that the applicant is not admitted to practice in this jurisdiction and that the client has consented to such representation.

3

Rev. 12/11

That Petitioner respectfully prays that Petitioner be admitted to practice before this Court FOR THE PURPOSES OF THIS CASE ONLY.

_____
Petitioner's signature

STATE OF _____Georgia_____ )
                                )
COUNTY OF _Fulton_              )

_____Annette Agius Idalski_____, Petitioner, being first duly sworn, deposes and says:

That the foregoing statements are true.

_____
Petitioner's signature

Subscribed and sworn to before me this

__7th__ day of _August_ , _2012_ .

_____
Notary Public or Clerk of Court

## DESIGNATION OF RESIDENT ATTORNEY ADMITTED TO THE BAR OF THIS COURT AND CONSENT THERETO.

Pursuant to the requirements of the Local Rules of Practice for this Court, the Petitioner believes it to be in the best interests of the client(s) to designate ____Kathleen M. Paustian____,
                                                                                                                  (name of local counsel)
Attorney at Law, member of the State of Nevada and previously admitted to practice before the above-entitled Court as associate resident counsel in this action. The address and email address of said designated Nevada counsel is:

_____Gordon & Rees LLP, 3770 Howard Hughes Parkway, Suite 100_____,
                                          (street address)

____Las Vegas____, ____Nevada____, __89169__
      (city)              (state)        (zip code)

__(702) 577-9300__, __kpaustian@gordonrees.com__.
(area code + telephone number)     (Email address)

4

Rev. 12/11

By this designation the petitioner and undersigned party(ies) agree that this designation constitutes agreement and authorization for the designated resident admitted counsel to sign stipulations binding on all of us.

## APPOINTMENT OF DESIGNATED RESIDENT NEVADA COUNSEL

The undersigned party(ies) appoint(s) _____ Kathleen M. Paustian _____ as
(name of local counsel)
his/her/their Designated Resident Nevada Counsel in this case.

_____
(Party signature)

_____
(Party signature)

_____
(Party signature)

## CONSENT OF DESIGNEE

The undersigned hereby consents to serve as associate resident Nevada counsel in this case.

_____
Designated Resident Nevada Counsel's signature

SBN 3785                         kpaustian@gordonrees.com
Bar number                       Email address

APPROVED:

Dated: August 20, 2012.

_____
UNITED STATES DISTRICT JUDGE

5

Rev. 12/11

4.    That Petitioner was admitted to practice before the following United States District Courts, United States Circuit Courts of Appeal, the Supreme Court of the United States and Courts of other States on the dates indicated for each, and that Petitioner is presently a member in good standing of the bars of said Courts.

| Court | Date Admitted | Bar No. |
|---|---|---|
| Georgia Superior Courts | June 25, 1996 | 005559 |
| Georgia State Courts | June 25, 1996 | 005559 |
| Georgia Magistrate Courts | June 25, 1996 | 005559 |
| U.S. Court of Appeals, D.C. Circuit | January 7, 2005 | |
| U.S. District Court, Western District of Michigan | February 6, 2005 | |
| U.S. District Court, Northern District of Florida | April 30, 2009 | |
| U.S. Court of Appeals, Eleventh Circuit | May 29, 2008 | |

8.    Petitioner has filed application(s) to appear as counsel under Local Rule IA 10-2 during the past three (3) years in the following matters:

| Date of Application | Cause | Title of Court | Granted or Denied? |
|---|---|---|---|
| September 9, 2009 | Valdez v. Cox Communications Las Vegas, Inc.; Case #2:09-CV-01797 | U.S. District Court, District of Nevada | Granted |
| May 13, 2011 | Phelps v. Cox Communications Las Vegas, Inc.; Case #11-cv-00801 | U.S. District Court, District of Nevada | Granted |
| May 13, 2011 | Izumi v. Cox Communications Las Vegas, Inc.; Case #11-cv-00803 | U.S. District Court, District of Nevada | Granted |

1619856 1



# STATE BAR
# OF GEORGIA



*Lawyers Serving the Public and the Justice System*

**Ms. Annette A. Idalski**
**Chamberlain Hrdlicka White Williams & Martin**
**191 Peachtree Street NE, 34th Floor**
**Atlanta, GA 30303**

| | |
|---|---|
| **CURRENT STATUS:** | **Active Member-Good Standing** |
| **DATE OF ADMISSION:** | **06/25/1996** |
| **BAR NUMBER:** | **005559** |
| **TODAY'S DATE:** | **08/02/2012** |

Listed below are the public disciplinary actions, if any, which have been taken against this member:

| State Disciplinary Board Docket # | Supreme Court Docket # | Disposition | Date |
|---|---|---|---|
| N/A | N/A | N/A | N/A |

The prerequisites for practicing law in the State of Georgia are as follows:

- Certified by the Office of Bar Admissions, either by Exam, or on Motion (Reciprocity).
- Sworn in to the Superior Court in Georgia, highest court required to practice law in Georgia.
- Enrolled with the State Bar of Georgia, arm of the Supreme Court of Georgia.

Attorneys licensed in Georgia and whose membership is current are eligible to practice law in Superior Court. Attorneys may, upon application, apply for admission to the Supreme, District and State Court of Appeals.

Under the privacy/confidentiality provision of the Bar Rule 4-221(d), any complaint against a member resolved prior to the filing and docketing of a disciplinary case in the Supreme Court is not a matter of public record, and may not be revealed without a waiver from the member. It is the policy of the State Bar of Georgia to answer any inquiry about a member by disclosing only those complaints that have been docketed in the Supreme Court. With respect to matters that are currently pending as active, undocketed cases, when an inquiry is received, the State Bar of Georgia shall not disclose the existence of those complaints. Such non-disclosure should not be construed to confirm the existence of confidential complaints since the vast majority of members in good standing are not the subjects of such confidential complaints.

This member is currently in **"good standing"** as termed and defined by **State Bar Rule 1-204**. The member is current in license fees and is not suspended or disbarred as of the date of this letter.

## STATE BAR OF GEORGIA

*Brinda Lovvorn*

**Official Representative of the State Bar of Georgia**

**HEADQUARTERS**
104 Marietta Street, Suite 100
Atlanta, Georgia 30303
(404) 527-8700 ▪ (800) 334-6865
FAX (404) 527-8717
www.gabar.org

**SOUTH GEORGIA OFFICE**
244 E. Second Street (Zip 31794)
P.O. Box 1390
Tifton, Georgia 31793-1390
(229) 387-0446 ▪ (800) 330-0446
FAX (229) 382-7435

**COASTAL GEORGIA OFFICE**
18 E. Bay Street
Savannah, Georgia 31401-1225
(912) 239-9910 ▪ (877) 239-9910
FAX (912) 239-9970

# STATE BAR OF TEXAS



**Office of The Chief Disciplinary Counsel**

August 02, 2012

RE:    **Ms. Annette A. Idalski**
       State Bar Number - **00793235**

To Whom it May Concern:

This is to certify that Ms. Annette A. Idalski was licensed to practice law in Texas on November 03, 1995 and is an active member in good standing with the State Bar of Texas.

Good Standing means that the attorney is current on payment of Bar dues and attorney occupation tax; has met Minimum Continuing Legal Education requirements; and is not presently under either administrative or disciplinary suspension.

No disciplinary action involving professional misconduct has been taken against the attorney's law license. This certification expires 30 days from this date, unless sooner revoked or rendered invalid by operation of rule or law.

*Linda A. Acevedo*

Linda A. Acevedo
Chief Disciplinary Counsel

LA/dh



P.O. Box 12487, Capitol Station, Austin, Texas 78711, 512-427-1463 or 1-800-204-2222