1

2                    **UNITED STATES DISTRICT COURT**

3                         **DISTRICT OF NEVADA**

4                                   * * *

5    ANTHONY KISER, *et al.,*                    )
                                                 )
6                         Plaintiffs,            )
                                                 )
7    v.                                          )        2:11-cv-00165-JCM -VCF
                                                 )
8    PRIDE COMMUNICATIONS, INC.*, et al.,*       )        **O R D E R**
                                                 )
9                                                )        (Motion To Compel Compliance With
                                                 )        Plaintiff's  Request for Inspection Pursuant
10                        Defendants.            )        to Federal Rule Procedure 34 #78)
                                                 )
11   _____)

12          Before the court is plaintiffs Anthony Kiser *et al*'s Motion To Compel Compliance With

13   Plaintiffs' Request for Inspection Pursuant to Federal Rule Procedure 34. (#78). Defendants filed an

14   Opposition (#89), and plaintiffs filed a Reply (#93).

15   **<u>Background</u>**

16          Plaintiff Anthony Kiser filed his class action complaint on behalf of himself and "all persons

17   similarly situated," seeking overtime wages under the Fair Labor Standards Act (hereinafter "FLSA")

18   and state law.  (#1).  The purported class members consist of those employed by defendant Pride as

19   installers to perform installation of cable, internet, and phone services. *Id.*  Specifically, plaintiff Kiser

20   contends in the complaint that these employees were paid on a per job or "piece rate" basis, and were

21   never compensated for overtime for working an excess of forty (40) hours per week.  *Id.*  Plaintiff

22   alleges that the "payroll check registers, billing trackers, and time clock records maintained by Pride

23   were all fictitious and created to evade the overtime payments requirements of the FLSA." (#28).

24          On July 29, 2011, plaintiffs filed a motion to compel (#28), asking this court to enter an order

25   "directing that defendants produce materials that are properly responsive to certain requests in plaintiffs'

26   First Request for the Production of Documents."  Defendants opposed the motion, asserting that they

should not be compelled to produce the electronic information because, among other reasons, it is irrelevant and the defendants do not maintain the information sought.  (#29).

On October 26, 2011, the court issued an order granting the motion to compel (#28), and ordering defendants Pride Communications, Inc. *et al* to produce the requested documents, in any and all available forms, on or before November 30, 2011. (#39).  The court overruled defendants' objection that they were not in possession of the information sought, and stated that since "defendants requested and ordered the third-party payroll vendor, Southwest Payroll Service, Inc., to perform the acts of processing and maintaining the payroll and the accompanying records," "it is "inconceivable" that the defendants lack the ability to request and obtain such records from Southwest Payroll Service, Inc." *Id.*

On November 30, 2011, defendants produced over 1,100 documents consisting of payroll checks registers, W-2's, and check stubs. (#47).  On December 5, 2011, and January 6, 2012, defendants supplemented their production with additional records. *Id.*  On December 5, 2011, after the defendants supplemented their production, plaintiffs' counsel sent a letter to defendants asserting that the document productions were only "partially in compliance with the [c]ourt's [o]rder," and seeking production of the material produced in PDF format to be produced in its "native, electronic form." (#47 Exhibit C).

Defendants filed a motion on December 15, 2011, seeking clarification of this court's order (#39) as to the electronic records it must produce. (#47). As it pertains to the motion now before the court, defendants also addressed TOA Technologies*, Inc* (hereinafter "TOA") records requested by the plaintiffs. *Id.*  Defendants contended that these records are on a "web-based system," and that since the TOA software is owned by a third-party and Cox Communications (hereinafter "Cox") licenses its use, defendants "have no rights or licenses for its use." *Id.*   Defendants argue that there is no way to produce such records "short of printing them out and producing a hard copy," and that the records would still need to be redacted. *Id.*

The court held a hearing on March 5, 2012, addressing the defendants' motion (#47) and other pending motions (#55, #50, and #54). (#62). Defendants represented at the hearing that Cox and Pride

are only capable of accessing TOA records dating back 120 days, and then only in static paper report format. *Id.* In an order entered on March 6, 2012, the court held that "it was not going to order an inspection (of the TOA system), but that plaintiffs could seek to depose an individual with knowledge of how the TOA system works or serve a request for inspection." (#63). On March 12, 2012, plaintiffs served defendants with a request for inspection pursuant to Fed. R. Civ. P. 34. (#78 Exhibit A). The request sought inspection of the TOA system and would concern "the operation, organization, maintenance, accessability, and use of such TOA system." *Id.* On March 13, 2012, plaintiffs served defendants with a Rule 30(b)(6) deposition notice, stating that the deponent must be knowledgeable as to the "operation, organization, maintenance, accessability, and use of the TOA system." (#78 Exhibit B).

On March 15, 2012, plaintiffs served non-party Cox with a subpoena duces tecum (#72 Exhibit A). Cox served plaintiffs' counsel with objections (#72 Exhibit B) and filed a motion to quash the subpoena (#66). The court denied the motion to quash as unnecessary, and stated that "[p]rior to filing a motion to compel, the parties must comply with Local Rule 26-7(b), which requires the parties to meet and confer in a sincere effort to resolve the matter without court action." (#67). On March 30, 2012, defendants served plaintiffs with objections to the request for inspection, stating that the inspection was unduly burdensome, that the system is owned by a third-party, and that defendants do not have any rights or licenses to permit inspection of the TOA system by a third party. (#78 Exhibit B). Defendants agreed, however, to produce hard-copies of the available TOA records for the previous 120 days. *Id.*

On June 22, 2012, plaintiffs filed a motion to compel Cox to comply with subpoena duces tecum. (#72). Plaintiffs argued that Cox should be compelled to produce documents requested in the subpoena duces tecum (#72 Exhibit A), specifically, the contract between Cox and TOA Technologies, Inc (hereinafter "TOA"). (#72). Plaintiffs asserted that the contract is the only document that Cox concedes it possesses that discusses the TOA system, but that Cox refuses to produce it. *Id.* The subpoena sought production of "[a]ll documents and electronically stored information relating to the

operation, use, or maintenance of the TOA system by Cox Communications Las Vegas, Inc. and/or its subcontractor, Pride Communications, Inc." (#72 Exhibit A).

Plaintiffs' counsel asserted that he "was made aware of the existence of a contract between Cox and TOA Technologies, Inc., which grants Cox a license to use the work force management software system known as TOA." (#72 Exhibit C). Plaintiffs argued that this contract "presumably" contains information relevant to "Cox's (and by implication Pride's) ability to reproduce TOA records pertaining to the work performed by the plaintiff and the members of the putative plaintiff class." (#72). Plaintiffs also asserted that the contract may indicate that TOA information is archived and can be retrieved past the 120 day access period alleged by the defendants and may contradict the representations of Cox and Pride that "only very limited amounts, and forms, of TOA data can be produced." *Id.*

Cox refused to produce the contract, asserting that the contract "discusses its fee arrangement and does not contain instructions on how to operate TOA." (#72 Exhibit C). Cox relied on the section of the subpoena that excluded from production "[m]aterials ***exclusively*** concerning the economic terms of Cox Communications Las Vegas, Inc.'s, use, operation, rental or purchase of the TOA system, such as the fees paid to the sellers, owners or providers of the TOA system or fees paid for support services related to the TOA system." (#72 Exhibit A) (emphasis added). Plaintiffs asserted that, under this section, the *entire* document is not exempt from production just because it contains financial information, and the document would have to ***exclusively*** contain financial information to be exempt. (#72).

Cox also refused production because the contract is "confidential between Cox and TOA and cannot be disclosed to third parties." (#72 Exhibit E). Plaintiffs argued that any confidentiality issues can easily be addressed through a protective order, but that Cox "refused plaintiffs' counsel's invitation" to enter into such an order. (#72). Plaintiffs also argued that Cox has not even substantiated its claim of confidentiality. *Id.*

On August 13, 2012, the court issued a minute order scheduling a hearing on the motion to

4

compel (#72) for August 23, 2012.  (#77).  On August 14, 2012, plaintiffs filed the instant motion to compel compliance with plaintiffs' request for inspection.  (#78).  On August 23, 2012, the court held a hearing and issued an order on the motion to compel Cox to comply with the subpoena duces tecum (#72).  (#87 and #88).  The court held that "the *contract* itself is not relevant to any parties' claim or defense, and that the plaintiffs have not demonstrated "good cause" for its production as required by Rule 26.  Fed. R. Civ. P. 26(b)(1)."  (#87).  The court also stated that "the records maintained by the TOA system during the operative time-period, if any, are relevant to the plaintiffs' claims.  The plaintiffs have the ability through discovery to subpoena TOA for the production of such records and/or to depose a person most knowledgeable regarding how the system works, including the ability to access records past 120 days and whether the records are available in electronic format."  *Id.*

On September 13, 2012, discovery in the action was stayed for sixty (60) days for the parties to conduct settlement discussions.  (#90 and #91).  On October 30, 2012, the parties filed a joint status report stating that the parties had not reached a settlement in this action.  (#92).  The instant motion to compel inspection (#78) was fully briefed on November 8, 2012.  (#93).  On November 9, 2012, the plaintiff filed a motion to certify class (#94) and a motion to partially stay (#95) pending the court's rulings on the motion to compel (#78) and motion to certify (#94).  (#95).  The parties filed a stipulation for extension of time for defendants to file their response to plaintiffs' motion to certify (#94) and a consent to entry of stay sought in plaintiffs' motion (#95).  (#96).  The court signed the stipulation (#96) on November 20, 2012 (#98), and entered an order granting the motion to stay (#95) on November 26, 2012 (#99).

### A.    Motion to Compel Compliance With Request for Inspection

Plaintiffs state that they seek an inspection of the TOA system to (1) confirm the defendants' assertion that the TOA system only permits access to the previous 120 days worth of records, (2) confirm defendants' assertion that they cannot produce records in electronic, database, form from which they originate, and (3) discover evidence supporting their position that plaintiffs "were working

significantly more hours than Pride's payroll records show" and "that Pride's installers were performing "piece work" for which they were not compensated." (#78). Plaintiffs argue that the inspection of the TOA system was specifically authorize in the undersigned's March 6, 2012, order (#63). *Id.* The court stated in the order (#63) that "it was not going to order an inspection, but that plaintiffs could seek to depose an individual with knowledge of how the TOA system works **or serve a request for inspection."** *Id.*

Plaintiffs argue that the records contained on the TOA system are not only relevant to plaintiffs' claims, but are "crucial to plaintiff's case because [they] will demonstrate, or refute, plaintiff's claim that he and other isntallers employed by Pride were not compensated for the work they performed." *Id.* Plaintiffs allege that the inspection will not be unduly burdensome, that defendants reference to a license by Cox to use TOA as a reason for not permitting the inspection (without specifying the terms of or producing the license) is an improper objection, and that defendants' assertion that they do not have the rights or license to permit inspection is a "deliberate evasion of the discovery process." *Id.*

Defendants argue that the inspection should not be permitted, as plaintiffs' purpose for seeking such an inspection is solely to support their "mistaken belief that [d]efendants are misrepresenting their ability to access TOA reports beyond 120 days as well as their ability to produce records in an electronic form." (#89). Defendants assert that this is not relevant to any claims and that plaintiffs are not entitled to harass and unduly burden defendants to seek another level of confirmation, especially when less burdensome means exist and plaintiffs have been provided with ample evidence supporting the statements regarding the access to the TOA records. *Id.* Defendants argue that plaintiffs can depose a person with knowledge of the TOA system or subpoena TOA for records, but that a request for inspection "simply [to] verify [d]efedants' representations must be denied." *Id.*

Defendants assert that plaintiffs already have extensive information about the TOA system and how it operates, as plaintiffs' counsel has taken depositions regarding the TOA system of Cox representatives and various subcontractors in another case. *Id.* Defendants assert that they agreed to

provide a person most knowledgeable as sought in the Rule 30(b)(6) deposition notice (#78 Exhibit A) served on defendants, but that plaintiff insisted that the deposition could not proceed unless the deponent was able to access the TOA system.  *Id.*

Plaintiffs assert in their reply that Rule 34(E) requires defendants to produce electronically stored information "as they are kept in the usual course of business," and that the plaintiffs are seeking to do just that through the inspection of the TOA system and its contents.  (#93).  The static paper print out provided to plaintiffs are not how the records are kept by defendants in the "normal course of business," as the records are kept electronically.  *Id.*  Plaintiffs assert that they simply want access to view these records in the form in which they are kept by defendants.  *Id.*  Plaintiffs argue that defendants have not demonstrated any undue burden or expense that would result from the inspection or that the inspection would consume an extraordinary amount of time.  *Id.*  With regard to "less burdensome means available," such as a subpoena, plaintiffs assert that it is defendants' *duty* to provide the information under their control or their agents control.  *Id.*  Plaintiffs reassert their argument that defendants' reliance on a license that exists, but cannot be produced, which forbids them from affording plaintiff the opportunity to inspect the TOA system "is absurd."  *Id.*

### C.     Relevant Law/Discussion

Federal Rule of Civil Procedure 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense...," and that, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Relevance within the meaning of Rule 26(b)(1) is considerably broader than relevance for trial purposes. *See Oppenheimer Fund v. Sanders*, 437 U.S. 340, 351 (1978) (citation omitted). For discovery purposes, relevance means only that the materials sought are reasonably calculated to lead to the discovery of admissible evidence.  *Id*.    Rule 34 permits the inspection of any "electronically stored information--including writings, drawings, graphs, charts, photographs, sound recordings, images, and other data or data compilations--stored in any medium from which information can be obtained either

directly or, if necessary, after translation by the responding party into a reasonably usable form." Fed. R. Civ. P. 34(a)(1)(A).

To the extent they exist, the TOA records are relevant to the plaintiffs' claims and are therefore discoverable. Fed. R. Civ. P. 26(b)(1); *Oppenheimer Fund*, 437 U.S. at 351. Defendants and Cox claim that their ability to access these records is limited by their agreement with TOA and the restrictions TOA imposes on their access to the TOA system. (#89). The court finds that the most efficient way to obtain the relevant records and to discover the manner in which the TOA system operates is by subpoenaing the information from TOA. *See* (#87)(this court stating that "[t]he plaintiffs have the ability through discovery to subpoena TOA for the production of such records and/or to depose a person most knowledgeable regarding how the system works, including the ability to access records past 120 days and whether the records are available in electronic format.").

If, *after* subpoenaing TOA to obtain relevant records and to verify how the TOA system operates (both presently and during the relevant time period), plaintiffs still believe they need to conduct a Rule 30(b)(6) deposition wherein the deponent would demonstrate how the TOA system operates, plaintiff may file a motion with the court. The motion must report the results of the discovery gained from TOA and explain why the proposed deposition is necessary.

Accordingly, and for good cause shown,

IT IS ORDERED that plaintiffs Anthony Kiser *et al*'s Motion To Compel Compliance With Plaintiffs' Request for Inspection Pursuant to Federal Rule Procedure 34 (#78) is DENIED.

DATED this 6th day of December, 2012.

_____
**CAM FERENBACH**
**UNITED STATES MAGISTRATE JUDGE**

8