Leon Greenberg, Esq.
Leon Greenberg Professional Corporation
2965 S. Jones Blvd. Suite E-4
Las Vegas, Nevada 89146
(702)383-6085
Fax: (702)385-1827
Nevada Bar Number 8094

CHRISTIAN GABROY, ESQ.  NSB#: 8805
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson Nevada 89012
(702) 259-7777
(702) 259-7704 (fax)

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| ANTHONY KISER, individually and on behalf of others similarly situated,<br><br>　　　　　Plaintiffs,<br>　　Vs.<br>PRIDE COMMUNICATIONS INC. and CRAIG LUSK,<br><br>　　　　　Defendants | Case No. 11-cv-00165-JCM-VCF<br><br>ORDER GRANTING PRELIMINARY APPROVAL TO PROPOSED CLASS SETTLEMENT |

The Court has before it the parties' joint motion for preliminary approval of a proposed class action settlement ("Settlement"), which is subject to review and approval under Fed. R. Civ. Pro. Rule 23 and the Fair Labor Standards Act and which, together with the exhibits thereto, sets forth the terms and conditions for the proposed settlement of this Action. After reviewing the Motion for Preliminary Approval, the Stipulation of Settlement ("Stipulation"), adopting for use in this Order the terms defined in the Stipulation and which will have the same meaning in this Order as they

do in the Stipulation, and reviewing all relevant documents filed with the Court, the Court hereby finds and orders as follows:

1. The Court finds on a preliminary basis, subject to further consideration at the Final Approval Hearing to be held on December 5, 2014 at 10:00 a.m. a date that is at least 115 days after the date of this Order, that the Settlement memorialized in the Stipulation appears to be fair, adequate and reasonable, falls within the range of reasonableness, and therefore meets the requirements for preliminary approval and grants such preliminary approval, subject to any objections by members of the below specified Class and final review by the Court.  The Court also finds that this Stipulation is the result of protracted arms-length negotiations between experienced counsel.

2. Pursuant to Rule 23 and the Fair Labor Standards Act and for the purposes of this Settlement only, the Court preliminarily certifies the following class ("Class"):

> All individuals who are listed on Exhibit "2" of the Stipulation, in respect to any of the claims asserted in the plaintiff's complaint and arising from such persons' employment by the defendants from December 22, 2007 to February 20, 2013, and in the event any such persons are deceased or legally adjudicated incompetents, their legal representatives or heirs at law.

3. The Court finds, for purposes of settlement only, that the Class meets the requirements for certification under Fed. R. Civ. P. 23(a) and 23(b)(3) in that:  (a) the Class is so numerous that joinder is impracticable; (b) there are questions of law and fact that are common to all Class members, which questions predominate over individual issues; (c) the claims of the Class Representatives designated in this Order are typical of the claims of the Class; (d) the Class Representatives designated in this Order and Plaintiffs' Counsel will fairly and adequately protect the interests of the Class; and (e) a class action is superior to other available methods for the fair and

2

1 | efficient adjudication of the controversy.

2 |     4.    The Court, for settlement purposes only, appoints named plaintiff Anthony Kiser and FLSA consent joinder plaintiff Brian Izumi as Class Representatives for the Class.

    5.    The Court appoints for settlement purposes only Christian Gabroy of the Gabroy Law Office and Leon Greenberg and Dana Sniegocki of Leon Greenberg Professional Corporation as counsel for the Class.

    6.    The Court appoints Rust Consulting as the Settlement Administrator and preliminarily finds that the estimated Administration Costs of $8,000, as set forth in the Stipulation, are fair and reasonable.

    7.    The Court approves, as to the form and content, the Notice of Proposed Class Action Settlement ("Notice"), attached hereto as Exhibit A, which informs the members of the Class of the terms of the proposed Settlement, the preliminary approval of the Settlement, and the scheduling of the Final Approval Hearing, and the Claim Form attached hereto as Exhibit B.  The Court finds that the dates selected for the mailing, distribution and response to the Notice and the submission of Claim Forms, objections, and requests for exclusion from the Class meet the requirements of due process and provide the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto and meet the requirements of Rule 23 and the FLSA.

    8.    Class Members shall be bound by the determinations and judgments in the Action with respect to the Stipulation, whether favorable or unfavorable, unless they request exclusion in a timely and proper manner as described in the Notice.  Class Members requesting exclusion from the Class shall not be entitled to receive any Settlement Award from the Settlement as described in the Stipulation and the Notice.

    9.    The Court enjoins Plaintiffs and all Class Members from filing or prosecuting any claims, suits or administrative proceedings regarding claims that

would be released upon the final approval of the Settlement and the final judgment to be entered thereon, unless and until such Class Members have filed a valid request for exclusion with the Claims Administrator and the time for filing claims with the Settlement Administrator has elapsed.

10. The Court orders the following schedule of dates for further proceedings:

   a. The Notice and Claim Forms shall be mailed by first class mail, postage prepaid, by the Settlement Administrator to the last known address of each Settlement Class Member, as provided for in the Stipulation, no later than 30 days from the date of this Order, and if such date falls on a Saturday, Sunday or legal holiday the next business day.

   b. Deadline for Plaintiffs' serving and filing Motion for Final Approval:  No later than 90 days from the date of this Order, and if such date falls on a Saturday, Sunday or legal holiday the next business day.

   c. Deadline for comments and/or objections to the Settlement, to be submitted in the manner defined in the Notice:  No later than 75 days from the date of this Order, and if such date falls on a Saturday, Sunday or legal holiday the next business day.

11. The purpose of the Final Approval Hearing shall be as follows:

   a. To finally determine whether the Action satisfies the applicable requisites for class action treatment of the Class under Rule 23 for the purposes of this Settlement;

   b. To determine whether the proposed Settlement is fair, reasonable, and adequate, and should be approved by this Court;

     c. To determine whether the Final Settlement Order as provided under the Stipulation should be entered in the Action, dismissing the Complaint filed in the Action against the Defendants, on the merits and with prejudice, and to determine whether the Release of Claims, as set forth in the Stipulation, should be provided to the Defendants and Released Parties;

     d. To determine whether the distribution of the Settlement Fund, as set forth in the Notice and Stipulation, is fair and reasonable and should be approved by this Court;

     e. To consider Plaintiffs' Counsel's application for an allocation of attorneys' fees and expenses;

     f. To consider comments and/or objections to the Settlement, including the distribution of the Settlement Fund, provided that the comments and/or objections are submitted in a timely and proper manner as specified in the Stipulation;

     g. To consider approval of Named Plaintiff Awards as specified in the Notice and Stipulation for the Class Representatives appointed by this Order for their assistance in the prosecution of the Action.

     h. To rule upon such other matters as this Court may deem appropriate.

12. In the event no objections to the Settlement are received in a timely manner and in the form provided for in the Notice, the Court may cancel the Final Approval Hearing, without notice to the Class, and proceed to make the foregoing determinations required under Rule 23 and the Fair Labor Standards Act based upon the written submissions of the parties.

Any Class member who does not object to the Settlement, including the distribution of the Settlement Fund, as provided for in the Notice and by the deadline above shall be deemed to have waived such objection and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the proposed Settlement and its terms, including, the Final Settlement Order, the Fee and Expense Award to plaintiffs' counsel, the Named Plaintiff Awards, and the distribution of Settlement Awards as provided for in the Stipulation and the Notice.

    a. The Settlement Administrator, with the assistance of Plaintiffs' Counsel, shall, at or before the Final Approval Hearing, file with this Court proof of mailing of the Notice and the Claim Form to all Class members.

13. The Court reserves the right to approve the Stipulation with or without modification and with or without further notice of any kind. This Court further reserves the right to enter the Final Settlement Order in the Action, approving the Stipulation and dismissing the Action as against the Defendants, on the merits and with prejudice, regardless of whether it has approved all of the terms of the Stipulation.

14. Within 10 days of the entry of this Preliminary Order Defendant's Counsel shall serve notice of the proposed Settlement upon the appropriate state and federal officials as specified in 28 U.S.C. § 1715.

15. This Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement and its terms as set forth in the Stipulation and the Notice.

IT IS SO ORDERED.

Dated: August 7, 2014.

                                                              Honorable James C. Mahan
                                                              UNITED STATES DISTRICT COURT JUDGE