LEON GREENBERG, ESQ. SBN 8094
DANA SNIEGOCKI, ESQ. SBN 11715
Leon Professional Corporation
2965 s. Jones Blvd - Suite E4
Las Vegas, Nevada 89146
Tel  (702) 383-6085
Fax  (702) 385-1827
leongreenberg@overtimelaw.com
dana@overtimelaw.com

CHRISTIAN GABROY SBN 8805
Gabroy Law Offices
170 South Green Valley Pkwy- Suite 280
Henderson, Nevada 89012
Tel  (702) 259-7777
Fax (702) 259-7704
CHRISTIAN@GABROY.COM
Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY KISER, individually and on behalf of others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>PRIDE COMMUNICATIONS, INC. and CRAIG LUSK,<br><br>Defendants. | Case No. 2:11-cv-00165-JCM-VCF<br><br>**ORDER GRANTING FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT** |

On January 13, 2015, the Court heard the parties joint motion for final approval of their proposed class action settlement, as set forth in the Stipulation and Settlement Agreement of Claims ("Stipulation"), in the above-captioned action, the Court also hearing at that time the Plaintiffs' unopposed motion for an award of enhancement

payments to the representative plaintiffs and for a Fee and Expense Award for Plaintiffs' Counsel as provided for in the Stipulation.  The Court finds and orders as follows:

1.  For the purposes of this Order, the Court adopts all defined terms as set forth in the Stipulation, previously filed with this Court, with the exception that Gabriel Aldaco, Bryan Avalos, Hector Gonzalez, Darion Livingston, Carlos Quinteros, Christopher Stanley, Darrel Wright, Robert J. Crawford and John Newton, persons identified in the parties' stipulation of settlement, on file with the Court at Docket #133, as members of the proposed class, are hereby excluded from the class now being finally certified for settlement by this Order.  Such persons are so excluded for the reasons stated in Docket #138, namely that the parties cannot clearly identify such persons as members of the proposed class or do not possess any address at which to contact them.  None of such persons are bound by or subject to any provision of the class settlement approved by this Order.  In addition, as specified in Docket #138, it has been determined that proposed class members Raymundo Lopez-Hernandez and Raymundo Hernandez-Lopez are one and the same person and the listing of class members at Docket #133 subject to the settlement approved by this Order is appropriately amended to reflect the same.  The Class, as set forth in Docket #138 at Exhibit "2" to the Stipulation of Settlement, and as modified by this paragraph, consists of 132 Class Members all of whom are identified by name

2.  This Court has jurisdiction over the subject matter of this litigation and over all parties and Class Members in this litigation.

3.  The Court finds that the distribution of the Notice of Class Action Settlement, which was carried out pursuant to the Stipulation, constituted the best notice practicable under the circumstances and fully met the requirements of due process.

4.  The Court finds that no Class Members have objected to the Settlement and no Class Members have requested exclusion from the Settlement.  A total of 35 Class Members, constituting 26.52% of the Class Members have filed claims making themselves eligible to receive payments from the settlement fund, such class members also possessing

claims that equal 41.3% of the monetary value of all Class Members claims. These 35 individuals have claimed, and will be paid, approximately $36,457.09 from the Settlement Fund

5. The Court finds that the Stipulation was the product of protracted, arm's length negotiations between experienced counsel. After considering Defendants' potential exposure, the likelihood of success on the class claims, the risk, expense, complexity and delay associated with further litigation, the risk of maintaining class certification through trial, the experience and views of Plaintiffs' Counsel, and the reaction of the Class to the Settlement, as well as other relevant factors, the Court finds that the settlement, as set forth in the Stipulation, is fair, reasonable, and in the best interests of the Class, and hereby grants final approval of the settlement. The parties are ordered to carry out the settlement as provided in the Stipulation.

6. As counsel for the Class, Leon Greenberg of Leon Greenberg Professional Corporation and Christian Gabroy of the Gabroy Law Office, shall be paid a fees payment of $48,000.00 and a costs payment of $8,238.18 from the Settlement Fund for their services on behalf of the Plaintiffs and the Class. The Court also approves the payment from the Settlement Fund of $5,000 to each of the Class Representatives, Anthony Kiser and Brian Izumi, in recognition of their efforts on behalf of the Class.

7. As the Settlement Administrator, Rust Consulting shall be paid from the Settlement Fund for their services rendered in administering the Settlement, in accordance with the Stipulation and as provided in this paragraph. Pursuant to the declaration of its Senior Project Administrator, Stacy Roe, submitted to this Court, its estimated maximum costs for administration of the settlement of this matter is $8,000.00. Its payment of costs in that amount from the Settlement Fund is approved, provided that it shall receive a lesser amount, if any, that is equal to the actual charges properly paid to it for the services it provides in completing the administration of the Settlement.

8. Except as stated in this Order all other terms of the Settlement will remain as stated in the Stipulation and Settlement Agreement of Claims and all

accompanying documents and the Orders of this Court.

9. The Clerk of the Court is directed to enter a Final Judgment of dismissal and the Complaint is dismissed with prejudice.

10. The Court will retain jurisdiction for purposes of enforcing this Settlement, addressing settlement administration matters, and addressing such post-judgment matters as may be appropriate under court rules or applicable law.

IT IS SO ORDERED.

Dated: January 13, 2015

/s/ James C. Mahan

Honorable James C. Mahan
UNITED STATES DISTRICT COURT JUDGE