LEON GREENBERG, NSB 8094
DANA SNIEGOCKI, NSB 11715
Leon Greenberg Professional Corporation
2965 South Jones Boulevard #E-4
Las Vegas, Nevada 89146
Telephone (702) 383-6085
Fax: 702-385-1827
leongreenberg@wagelaw.com
dana@overtimelaw.com

CHRISTIAN GABROY, ESQ. NSB 8805
Gabroy Law Offices
170 S. Green Valley Parkway - Suite 280
Henderson, Nevada  89012
Telephone (702) 259-7777
(702) 259-7704 (fax)
christian@gabroy.com

Attorneys for Plaintiffs

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| ANTHONY KISER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>v.<br><br>PRIDE COMMUNICATIONS, INC.; CRAIG LUSK; and DOES I through X; and ROE Corporations I through X, inclusive,<br><br>    Defendants.<br>_____ | Case No.:2:11-CV-00165-JCM-VCF<br><br>**STIPULATION AND ORDER** |

   The parties, through their respective counsel, hereby stipulate and agree as follows:

   Whereas, the Court has issued an Order granting final approval of this class action settlement (Docket #144) pursuant to the terms set forth in the parties' stipulation of settlement (Docket #133, Ex. "A" thereto), except as modified by such Order;

1

|   |   |
|---|---|
| 1 | Whereas, it has come to the attention of counsel for the parties that while the |
| 2 | final settlement of this case was for a class under FRCP Rule 23 of 132 specifically |
| 3 | identified persons, as set forth in the Court's Order of final approval of class action |
| 4 | settlement at ¶ 1 of Docket #144, there are eight class members who were not sent |
| 5 | notice of the proposed settlement of this case pursuant to the terms set forth in the |
| 6 | stipulation of settlement (Docket #133, Ex. "A" thereto).  Counsel for the parties agree |
| 7 | that the settlement administrator, RUST consulting, was not responsible for this error |
| 8 | which resulted from inaccurate information provided to RUST; |
| 9 | Whereas, the eight class members who were not sent a proper notice of |
| 10 | settlement were Nathan Hodge, William House, Steven Hughes, Casey Jones, Adam |
| 11 | Karner, Reid Katekaru, Charles Labella, and Preston Leblanc.   Of these eight class |
| 12 | members three, Adam Karner, Reid Katekaru, and William House, filed timely claims |
| 13 | with the settlement administrator.   The settlement administrator, acting on the |
| 14 | erroneous information provided to it, furnished a settlement payment to Adam Karner |
| 15 | that was in excess of the amount he was to receive pursuant to the terms of the |
| 16 | stipulation of settlement (Docket #133, Ex. "A" thereto) while class members Reid |
| 17 | Katekaru and William House were furnished with payments that were smaller than |
| 18 | they should have received pursuant to the terms of the stipulation of settlement |
| 19 | (Docket #133, Ex. "A" thereto).  Class member Adam Karner, who received an excess |
| 20 | payment, sustained no injury as a result of this error and the parties are unable to |
| 21 | cooperatively resolve the injuries caused to class members Reid Katekaru and William |
| 22 | House from such error.  Class counsel will be submitting a separate motion seeking |
| 23 | relief from the Court on behalf of class members Reid Katekaru and William House; |
| 24 | Whereas the notice mailed by RUST to class member Steven Hughes was |
| 25 | returned to RUST as undeliverable, despite their efforts to locate a valid mailing |
| 26 | address for him, and the proper amount of his class member settlement fund claim was |
| 27 | the minimum payment of $25.00 reserved for class members who had de minimis |
| 28 |   |

claims, the parties believe it would futile, and is unnecessary, to attempt to further notify him of his right to make any claim as part of this settlement;

Whereas the notice mailed by RUST to class member Charles Labella erroneously indicated he was entitled to make a claim on the settlement fund based upon him being entitled to an allocation of 6.0754% of the settlement fund when his proper entitlement, based upon terms of the stipulation of settlement (Docket #133, Ex. "A" thereto), was actually an allocation of 0.0802% of the settlement fund;

Whereas class member Charles Labella declined to make a claim on the settlement fund when he was erroneously advised that his entitlement from the settlement fund was over 60 times his actual entitlement, the parties believe it is unnecessary that he be given any further opportunity to make any claim as part of this settlement;

Whereas the three class members Preston Leblanc, Casey Jones, and Nathan Hodge, were advised in the notices mailed to them by RUST that they were entitled to receive allocations from the settlement fund that were smaller than the proper allocations reserved for them under the terms of the stipulation of settlement (Docket #133, Ex. "A" thereto);

Whereas class counsel and the defendants agree that it is possible Preston Leblanc, Casey Jones, and Nathan Hodge were prejudiced in the exercise of their rights under the class settlement ultimately approved by the Court as a result of them not being advised of the full amount of the available claims they were authorized to make under the terms of the stipulation of settlement (Docket #133, Ex. "A" thereto);

Whereas class counsel and the defendants agree that Preston Leblanc, Casey Jones, and Nathan Hodge should be provided with a corrected notice and claim form advising them of their ability to make settlement claims in this case based upon the proper allocations authorized to them under the terms of the stipulation of settlement (Docket #133, Ex. "A" thereto) and that such corrected notice otherwise should conform in all material respects to the previous notice sent to them including giving

them 45 days after the mailing of such notice to have their claim forms postmarked, such claim forms having to be received by RUST within 52 days of such mailing;

    Whereas the settlement administrator RUST has agreed to administer the additional proposed settlement notice and claims and payments to Preston Leblanc, Casey Jones, and Nathan Hodge and defendants have agreed to make any such payments that are due to these three class members if they elect to make such settlement claims. RUST has further advised that the minimum amounts properly due to these three class members, under the terms of the stipulation of settlement (Docket #133, Ex. "A" thereto) and in light of the claims already made on the settlement fund, would be $3,551.30, $1,111.86 and $351.39 respectively;

    Whereas, the Court, in its granting final approval of this class action settlement (Docket #144) ¶ 10, retained continuing jurisdiction to enforce the settlement and address such post-judgment matters as are appropriate;

    Whereas, in compliance with the foregoing, the parties hereby request that the Court enter the following proposed Order:

    IT IS HEREBY ORDERED

    That settlement administrator RUST consulting shall mail a further notice of settlement and claim form to class members Preston Leblanc, Casey Jones, and Nathan Hodge in substantially the same form, and in the same manner, as previously Ordered by this Court to be mailed to the class members. Such notice shall advise these three class members that they are entitled to minimum settlement payments of $3,551.30, $1,111.86 and $351.39 respectively, if they choose to make timely claims, such claims to be postmarked by such class members within 45 days after the mailing of such notice by RUST, such claim forms having to be received by RUST within 52 days of such mailing for them to be deemed timely;

///

///

///

4

IT IS FURTHER ORDERED

That the settlement administrator RUST shall retain custody of all funds representing amounts from issued, but uncashed, settlement checks in this matter for purposes of funding any claims by class members Preston Leblanc, Casey Jones, and Nathan Hodge, until a further Order of this Court is issued directing the disbursement of any such funds and defendants shall provide to RUST the funds needed, if any, to pay the foregoing claims of class members Preston Leblanc, Casey Jones, and Nathan Hodge within 90 days of RUST mailing the aforesaid directed notice and claim forms to such class members.

IT IS SO ORDERED

_____
U.S. DISTRICT JUDGE

June 15, 2015
_____
DATED

Dated: June 4, 2015

| | |
|---|---|
| LEON GREENBERG PROFESSIONAL CORPORATION | LEWIS AND ROCA LLP |
| By: /s/ *Leon Greenberg*<br>LEON GREENBERG<br>LEON GREENBERG PROF. CORP.<br>2965 S Jones Blvd, Suite E3<br>Las Vegas, NV 89146<br>Tel (702) 383-6085<br>Fax (702) 385-1827<br>leongreenberg@overtimelaw.com<br><br>Attorney for Plaintiff | By: /s/ *Howard Cole*<br>HOWARD COLE<br>LEWIS AND ROCA LLP<br>3993 Howard Hughes Pkwy Suite 600<br>Las Vegas, NV 89169<br>Tel (702) 949-8200<br>Fax (702) 949-8398<br>hcole@lrlaw.com<br><br>Attorney for Defendants |