UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY KISER,<br><br>                             Plaintiff(s),<br><br>   v.<br><br>PRIDE COMMUNICATIONS, INC. and CRAIG LUSK,<br><br>                             Defendant(s). | Case No. 2:11-CV-165 JCM (VCF)<br><br>ORDER |

Presently before the court is plaintiff Anthony Kiser's[1] motion to enter judgment against defendants Pride Communications, Inc. ("Pride") and Craig Lusk pursuant to the order granting final approval of settlement. (Doc. # 148). Defendants filed a response in opposition (doc. # 149), and plaintiff filed a reply. (Doc. # 150).

This matter stems from this court's order (doc. # 144) granting final approval of a class action settlement agreement between the plaintiff class and the defendants herein. On August 7, 2014, this court entered an order granting preliminary approval to the proposed class settlement. (Doc. # 137). On January 13, 2015, this court entered final approval of the class action settlement plan and the terms therein, based partly upon the parties' representations that the settlement administrator's distribution of the "Notice of Class Action Settlement" was carried out pursuant to the stipulated settlement plan and constituted the best notice practicable under the circumstances. (*See* doc. # 133, Exh. A, ¶ 50(a)−(f); doc. # 144).

Nevertheless, the parties filed a stipulation on June 11, 2015, indicating that eight class members identified in the proposed allocation schedule were never sent proper notice. (Doc. #

---

[1] This matter is before the court based on its jurisdiction to enforce the terms of a class action settlement. Mr. Kiser moves on behalf of class members William House and Reid Katekaru.

**James C. Mahan**
**U.S. District Judge**

1  146). In the stipulation, the parties agree that Rust Consulting ("Rust"), the named settlement
2  administrator, was not responsible. Based on erroneous information supplied to Rust by plaintiff's
3  counsel, Rust overpaid class member Adam Karner by $1,742.29 and paid class members William
4  House and Reid Katekaru only $58.61 and $445.08 respectively. This constitutes underpayment
5  of $258.74 and $841.91 respectively for the two class members. (*See* doc. # 149, Exh. A, ¶¶ 7–11).

6  Plaintiff now seeks joint and several judgments against each defendant based on his
7  allegation that defendants have failed to pay class members House and Katekaru the full amounts
8  allocated to them in the preliminary settlement agreement. Defendants counter by arguing that they
9  fully funded the settlement fund in accordance with this court's January 13, 2015, order, and that,
10 under the terms of the final settlement plan, defendants are not responsible for any distribution
11 errors made by Rust in reliance on information supplied by plaintiff's counsel.

12 Reviewing the record, the court finds that class members Karner, House, and Katekaru
13 were not paid in accordance with the allocation schedule contained in the parties' stipulation for
14 preliminary approval of the settlement plan. (*See* doc. # 133, Exh 2). That agreement, however,
15 was adopted by the court subject to the court's final order approving it. (*See* doc. # 144, ¶ 8). The
16 final order specifically defines the fund amounts defendants are required to pay into the settlement
17 fund pursuant to paragraph 48 of the settlement agreement. (*See id.* at ¶¶ 4, 6–7; doc. # 133, Exh.
18 A, ¶ 48). The order specifies that the final amounts of the settlement fund's four components
19 enumerated in paragraph 48 are: (1) $36,457.09 for the settlement awards; (2) $5,000 for each of
20 the two named plaintiff awards; (3) $48,000 and $8,238.18 for the fee and expense awards
21 respectively; and (4) a maximum of $8,000 for administration costs to Rust. *Id.* The total value
22 defendants are required to pay under the settlement plan, as modified by this court's January 13,
23 2015, order is $110,695.27. *Id.*

24 Defendants allege, and plaintiff does not dispute, that in or about February 2015,
25 defendants wired precisely $110,695.27 to Rust. Defendants have therefore fulfilled their
26 obligations under the terms of the settlement plan and this court's orders for release of the claims
27 against them. The fact that Rust, in reliance on allocation information provided by plaintiff's
28 counsel, failed to properly distribute those funds under the terms of the settlement agreement and

**James C. Mahan**
**U.S. District Judge**

- 2 -

allocation schedule that this court approved does not somehow create liability for defendants.

Under the terms of the settlement, Rust is responsible for distributing the settlement funds in accordance with the allocation schedule provided with the stipulation for proposed preliminary approval order, as modified by this court's final order. No settlement plan provision or order of this court requires defendants to account for Rust's failure to do so, regardless of who is responsible for that failure. Plaintiff does not cite to any such provision or order and does not provide any independent legal authority for such a claim.

Therefore, plaintiff's motion will be denied. Plaintiff also asks the court for prospective legal fees for its future efforts to collect on the judgments requested. Because the court denies plaintiff's motion, the request for legal fees is moot and will not be entertained.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Anthony Kiser's motion for judgment against Pride Communication Inc. and Craig Lusk (doc. # 148) be, and the same hereby is, DENIED.

DATED November 19, 2015.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 3 -