UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| ANTHONY KISER, | Case No. 2:11-CV-165 JCM (VCF) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| PRIDE COMMUNICATIONS, INC. and CRAIG LUSK, | |
| Defendant(s). | |

Presently before the court is plaintiff Anthony Kiser's motion to enter judgment against defendants Pride Communications, Inc. ("Pride") and Craig Lusk. (ECF No. # 155). Defendants filed a response, (ECF No. # 158) and plaintiff filed a reply. (ECF No. # 159).

Also before the court is plaintiff's motion for leave to remit payments to certain class members. (ECF No. # 152). Defendants filed a response, (ECF No. # 153) and plaintiff filed a reply. (ECF No. # 154).

**I.      Background**

The present motion stems from this court's order (ECF No. # 144) granting final approval of a class action settlement agreement between the plaintiff class and the defendants herein. On August 7, 2014, the court entered an order granting preliminary approval to the proposed class settlement. (ECF No. # 137).

On January 13, 2015, the court entered final approval of the class action settlement plan and the terms therein, based partly upon the parties' representations that the settlement administrator's distribution of the "Notice of Class Action Settlement" was carried out pursuant to the stipulated settlement plan and constituted the best notice practicable under the circumstances.

**James C. Mahan**
**U.S. District Judge**

(*See* ECF No. # 133, Exh. A, ¶ 50(a)–(f); ECF No. # 144).[1] Notwithstanding those representations, the parties later realized the settlement administrator had not properly carried out the notice of class action settlement process and filed a stipulation to resolve the issues. (ECF No. # 147).

The stipulation indicates that the settlement administrator failed to properly serve eight class members identified in the settlement allocation schedule with accurate notice of the size of their potential claim amounts. (ECF No. # 146). The parties agreed that Rust Consulting ("Rust"), the settlement administrator, would mail a "further notice of settlement and claim form to class members Preston LeBlanc . . . and Nathan Hodge." (ECF No. # 147 at 4). The parties agreed further that "defendants shall provide to Rust the funds needed, if any, to pay the foregoing claims of class members Preston LeBlanc . . . and Nathan Hodge." (*Id.* at 5).

**II.     Discussion**

*A.     Motion to enter judgment for failure to comply the court's June 15, 2015, order*

On September 10, 2015, Rust communicated to the parties that it had completed the supplemental notice and claim process directed by the court's June 15, 2015, order. (ECF No. # 155 at 2, 14). Rust advised that both LeBlanc and Hodge had completed claim forms. (*Id.*) Accordingly, it asked defendants to deposit a total of $3,336.40 with Rust to be distributed to LeBlanc and Hodge. (*Id.*)

Initially, Pride, through counsel, represented to Rust that it would fulfill its obligation to fund the distributions due to LeBlanc and Hodge. (*See* ECF No. # 155 at 13). However, a day later, counsel for Pride informed Rust that Pride does not believe LeBlanc and Hodge were proper members of the class in this matter because they held managerial or supervisory positions. (*See* ECF No. # 158-1 at 2). To the court's knowledge, this was the first time that Pride had made such a claim at any point in this drawn-out litigation process.

Pride has refused to fund the distributions based on its argument that Hodge and LeBlanc are not proper members of the class. (*See generally* ECF No. # 158). Plaintiff therefore moves the court to enter a judgment against defendants and order them to comply with the order granting final approval of the class settlement (ECF No. # 144), as amended by the order granting the

---

[1] Under the settlement plan, as modified by this court's January 13, 2015, order, defendants were required to pay $110,695.27. (*See* ECF No. # 144 at ¶¶ 4, 6–7; ECF No. # 133, Exh. A, ¶ 48).The parties agree that in or about February 2015, defendants did in fact wire precisely $110,695.27 to Rust. (*Id.*)

**James C. Mahan**
**U.S. District Judge**

- 2 -

parties' stipulation that defendants would "provide to Rust the funds needed." (ECF No. # 147 at 5). Defendants, in their opposition, now argue for the first time that they "should not be required to pay additional amounts to individuals that were improperly included in the class." (ECF No. # 158 at 5).

The parties, including defendants, made several representations to this court that Hodge and LeBlanc are proper members of the class conditionally certified by the court's final order approving settlement. (*See, e.g.*, ECF No. # 133 at 71 (the parties stipulating to preliminary approval of settlement and listing Hodge and LeBlanc as prospective claimants in the allocation schedule); ECF No. # 147 (order granting stipulation to provide new notice of settlement to LeBlanc and Hodge based on inaccurate information contained in the original notices served on them)).

Moreover, the parties represented in their joint motion to approve the final settlement that both parties recognize the litigation risk inherent in arguing class certification and membership, and that the settlement represents a bargained-for exchange with respect to the relationship between that risk and the cost of ongoing litigation to defendants. (*See* ECF No. # 138 at 12–13). It is disingenuous for defendants to now argue that certain members of the class, certification of which defendants agreed to conditionally for the purposes of the settlement, were improperly included.

Furthermore, the court's January 13, 2015, order approving settlement (ECF No. # 144) and June 15, 2015, order (ECF No. # 147) amending the former order to, *inter alia*, require defendants to pay to Rust settlement amounts claimed by Hodge and LeBlanc are valid orders binding the parties. Defendants may not seek substantive relief from those orders via opposition to another party's motion. Absent such relief, defendants are bound by the orders. Accordingly, they will be ordered to pay to Rust the $3,336.40 in question for distribution to Hodge and LeBlanc.

However, the court will not enter a judgment against defendants. The complaint in this case has been dismissed with prejudice. (ECF No. # 145; s*ee* ECF No. # 144 at 4). That being the case, there are no claims upon which the court can enter any judgment against defendants. Instead, defendants are ordered to comply with the court's previous rulings in its January 13, 2015, and June 15, 2015, orders (ECF No. ## 144, 147) by providing Rust with $3,336.40 for distribution to Hodge and LeBlanc within ten (10) days of entry of this order.

James C. Mahan
U.S. District Judge

- 3 -

Defendants are advised that the court will consider imposing sanctions under Local Rule IA 11-8 for continued failure to comply with its previous orders. *See* D. NEV. R. IA 11-8(d).

  B. *Motion for leave to remit payments to certain class members*

Plaintiff has filed a motion for leave for class counsel to remit payments to certain underpaid class members from its contingent fee resulting from this matter. (ECF No. # 153). Defendants object to plaintiff's characterization of the procedural history of this case, but do not oppose the motion. (ECF No. # 155). Good cause appearing, the motion will be granted.

### III. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that plaintiff Anthony Kiser's motion to enter judgment against defendants Pride Communications, Inc. and Craig Lusk (ECF No. # 155) be, and the same hereby is, GRANTED in part and DENIED in part, consistent with the foregoing.

IT IS FURTHER ORDERED that defendants Pride Communications, Inc. and Craig Lusk are ORDERED to provide Rust Consulting with $3,336.40 to satisfy the claims of Nathan Hodge and Preston LeBlanc within ten (10) days of entry of this order.

IT IS FURTHER ORDERED that plaintiff's motion for leave to remit payments to certain class members (ECF No. # 152) be, and the same hereby is, GRANTED.

DATED May 11, 2016.

                _____
                UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**